GEORGIA RAILROAD *vs.* SMITH, GOVERNOR.

COMPLAINT, FROM FULTON. Evidence. Principal and Agent. Admissions. (Before Judge Hammond).

[This case was argued at the last term, and the decision reserved.]

Hall, J.—Where suit was brought by one railroad company against another connecting with it, alleging that the plaintiff, the defendant and another railroad company all entered into a contract to transport certain iron at a given rate, and the freight was to be apportioned among the three companies on the basis of the rate fixed, and that, in a settlement, the plaintiff accounted to the defendant at a higher rate for a portion of the service, and sought to recover the excess so paid above the agreed rate, and where the defendant contended that the agreed rate was to continue only during the summer months, and that for any freight thereafter transported it and the other roads engaged in shipping the iron were to have advanced rates, it was admissible for the defendant to introduce in evidence a memorandum made by the general freight agent of the plaintiff for the purpose of instituting suit against the party for whom the transportation was done, such memorandum indicating that at the time it was made, the plaintiff's agent understood the contract to be as the defendant contended that it was, and the agent who made it having been authorized to do so in the prosecution of the plaintiff's claim, and having acted within the scope of his authority in making it. In this transaction, he was the *alter ego* of the plaintiff. Code, §§3787, 2206.

(a) If there be other errors in the record, they are such as do not seem material, and they will doubtless be corrected on another hearing.

Judgment reversed.

Hillyer & Bro., for plaintiff in error.

C. Anderson, attorney general; C. D. Hill, solicitor general; N. J. Hammond; Spears & Simmons, for defendant.

———

CINCINNATI, NEW ORLEANS & TEXAS PACIFIC R'Y *vs.* DISBROW & Co.

CASE, FROM CITY COURT OF ATLANTA. Contracts. Railroads. Live Stock. Evidence. Charge of Court. (Before Judge Clarke).

[This case was argued at the last term, and the decision reserved].

Hall, J.—Where suit was brought for damages to live stock, occurring from want of proper feeding, watering and attention during a through shipment over a railroad and its connecting lines, and the plaintiffs

contended that the only written contract of shipment was contained in the bill of lading, and that one of them had a certain verbal agreement with the agent of the defendant as to obtaining a free ticket, or a ticket at a reduced rate, while the defendant contended that the shipment was made under a special written contract, signed by its agent and the person who delivered the stock as the agent for the plaintiffs, in which contract it was specified that one of the plaintiffs was to accompany the stock on the route and to attend to loading, unloading and watering them, and to relieve the company from all responsibility for their safe transportation except damage as resulted from defendant's negligence, and where it appeared that the person delivering the stock to the defendant returned to one of the plaintiffs the contract which was signed in duplicate, together with the bill of lading and an order for a ticket at reduced rates, and that such plaintiff obtained the ticket, and travelled upon a passenger train, instead of the train containing the stock, the court should have submitted to the jury whether the contract of shipment was that contended for by the plaintiff or by the defendant, and if they found the latter, whether the injury complained of resulted from the plaintiff's failure to comply with the stipulations of the written contract or from the negligence of the defendant; and it was error to withhold this issue from the jury. Central Railroad *vs.* Bryan (Sept. Term, 1884).

(a) The defendant having shown that the written contract relied on by it was signed in duplicate, and that the contract in their possession had been destroyed by a flood, and the plaintiffs failing to produce that in their possession or in any manner account for it, the defendant could introduce a copy of the contract in evidence.

Judgment reversed.

Julius L. Brown; W. D. Ellis, for plaintiff in error.

E. A. Angier; Alex C. King, for defendants.

---

*Decisions Rendered Wednesday, June 2, 1886.*

---

FERGUSON, NEXT FRIEND, *vs.* COLUMBUS & ROME R'Y, AND *vice versa.*

CASE, FROM MUSCOGEE. Nonsuit. New Trial. Res adjudicata. Railroads. Damages. Negligence. Minors. Parent and Child. (Before Judge Willis).

Hall, J.—1. Where the superior court has awarded a nonsuit upon the ground that the evidence did not authorize a verdict for the plaintiff, and this judgment was reversed by the Supreme Court, and upon the trial of the case a verdict was rendered for the plaintiff, it is error for