## THE BERMUDA.[1]

### PEREIRA v. THE BERMUDA, etc.

(*Circuit Court, E. D. New York.* June 22, 1886.)

1. CARRIERS OF GOODS—SHIPS—LIMITATION OF LIABILITY—BILL OF LADING—
REV. ST. U. S. § 4281.
    A stipulation in a bill of lading that the carrier will not be responsible for
certain specified articles of value contained in any package shipped under the
bill of lading, unless the value thereof be expressed, and extra freight paid
therefor, is authorized by section 4281, Rev. St. U. S., and the reasonableness
of it cannot be questioned.[2]
2. SAME—CONCEALMENT OF VALUE—SUBSEQUENT LOSS—CARRIER'S LIABILITY.
    Libelant shipped a trunk containing jewelry on the steam-ship B., under a
bill of lading which contained the stipulation that the carrier would not be re-
sponsible for the loss of valuables, unless the value thereof were expressed
in the bill of lading, and extra freight paid therefor. Libelant did not dis-
close the valuable nature of the contents of the trunk. On the voyage the
trunk was broken open, and the contents stolen. *Held*, that the carrier was
not liable for the loss; affirming 27 Fed. Rep. 476.

In Admiralty.
*Lorenzo Ullo,* for libelants.
*Wilhelmus Mynderse,* for claimant.

BLATCHFORD, J.   The decision of the district court dismissing the
libel was correct, and the grounds assigned for it were proper.   27
Fed. Rep. 476.   There was a special acceptance of the merchandise
under the clause in the bill of lading in regard to non-accountability
for gold or silver, manufactured, plated articles, jewelry, trinkets,
and watches, contained in any package or parcel shipped under the
bill of lading, "unless the value thereof will be therein expressed,
and extra freight, as may be agreed, be paid."   The shippers were,
in view of that clause, substantially guilty of imposition on the own-
ers of the vessel, and of misrepresenting the nature of the articles,
within the rule sanctioned in *Hart* v. *Pennsylvania R. Co.,* 112 U.
S. 340, S. C. 5 Sup. Ct. Rep. 155, where it is said:

    "If the shipper is guilty of fraud or imposition, by misrepresenting the nat-
ure or value of the articles, he destroys his claim to indemnity, because he
has attempted to deprive the carrier of the right to be compensated in pro-
portion to the value of the articles and the consequent risk assumed, and
what he has done has tended to lessen the vigilance the carrier would other-
wise have bestowed.   2 Kent, Comm. 693, and cases cited; *Relf* v. *Rapp,* 3
Watts & S. 21; *Dunlap* v. *International Steam-boat Co.,* 98 Mass. 371; *Rail-
road Co.* v. *Fraloff,* 100 U. S. 24."

The same rule was applied in *Gibbon* v. *Paynton,* 4 Burr. 2298,
and in *Batson* v. *Donovan,* 4 Barn. & Ald. 21.

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.
[2] See note at end of case.

The reasonableness of the stipulation in the bill of lading cannot be questioned, for it is authorized by section 4281 of the Revised Statutes, which declares the total exemption of the carrier from liability for jewelry, manufactured gold or silver, watches, trinkets, or plated articles, contained in any parcel, package, or trunk, laden as freight on any vessel, unless at the time of the lading the shipper gives written notice of the true character and value thereof, and has the same entered on the bill of lading; and also provides that, when the value and character are so notified and entered, there shall be no liability beyond such value, or otherwise than according to such character. Reasonable stipulations by a carrier for exemption from responsibility are sanctioned and upheld. *York Co.* v. *Central R. R.*, 3 Wall. 107; *Express Co.* v. *Caldwell*, 21 Wall. 264.

The libel is dismissed, with costs to the claimant in the district court, taxed at $44.46, and with costs to it in this court, to be taxed.

## NOTE.

CARRIERS—LIMITATION OF LIABILITY. A stipulation exempting the carrier from responsibility for certain articles of value, unless the value thereof be expressed, and extra freight paid, is valid. Grogan v. Adams Exp. Co., (Pa.) 7 Atl. Rep. 134. So is one limiting its liability to the amount of the agreed valuation of the property, on the basis of which valuation the freight is paid. Hart v. Pennsylvania R. Co., 5 Sup. Ct. Rep. 151; S. C 7 Fed. Rep. 630; The Lydian Monarch, 23 Fed. Rep. 298; The Hadji, 18 Fed. Rep. 459; Grogan v. Adams Exp. Co., (Pa.) 7 Atl. Rep. 134; Rosenfeld v. Peoria, D. & E. Ry. Co., (Ind.) 2 N. E. Rep. 344; Moulton v. St. Paul, M. & M. Ry. Co., (Minn.) 16 N. W. Rep. 497; Black v. Goodrich Transp. Co., (Wis.) 13 N. W. Rep. 244; but one limiting the liability to a certain arbitrary sum is invalid, Moulton v. St. Paul, M. & M. Ry. Co.. (Minn.) 16 N. W. Rep. 497; McCune v. Burlington, C. R. & N. R. Co., (Iowa,) 3 N. W. Rep. 615.