COMER *et al.*, receivers, *v.* STEWART & BOWDEN.

*Simmons, C. J.*—1. Although the shipper by rail of live stock under a special written contract was by its terms bound in case of accident or delay from any cause whatever to feed, water and take proper care of the stock at his own expense, yet where such agreement further stipulated that the carrier's employees should provide the owner or person in charge of the stock all proper facilities on train and at stations for taking care of the same, if injuries to the stock resulted from want of food, water and attention because of the carrier's failure to furnish such facilities at the proper time upon the arrival of the stock at destination, the carrier would be liable for such injuries.

2. The case, upon its substantial merits, is controlled by the law as above announced, and though the motion for a new trial contained numerous grounds, many of the same were not insisted upon, and taken altogether they contain nothing requiring the granting of a new trial. *Judgment affirmed.*
January 20, 1896.

Action for damages. Before Judge Westmoreland. City court of Atlanta. July term, 1895.

*Dorsey, Brewster & Howell*, for plaintiffs in error.
*Colville & Noyes*, contra.

---

MORRIS & COMPANY *v.* REED BROTHERS & COMPANY.

*Simmons, C. J.*—1. The verdict being the necessary result of the evidence, and the evidence being sufficient, and upon the controlling questions in the case not conflicting, it is not cause for a new trial that the verdict was directed by the trial judge.

2. An examination of the record discloses that no error of material consequence, if any at all, was committed, and no sufficient reason for reversing the judgment below has been shown.
January 20, 1896. *Judgment affirmed.*

Complaint on account. Before Judge Van Epps. City court of Atlanta. March term, 1895.

*Mayson & Hill*, for plaintiffs in error.
*King & Anderson*, contra.