COOPER *v.* RALEIGH & GASTON RAILROAD CO. *et al.*

1. A common carrier of goods is excused from liability for loss of, or damage to, such property only in the event loss or damage results from the act of God or of the public enemy.
2. While a common carrier of goods who also transports live stock is as to the latter property a common carrier, certain exceptions have grown up in his favor, exempting him from liability for loss or injury caused by the nature and propensities of the animals.
3. In the trial of an action brought against a carrier of live stock, to recover damages for loss of, or injury to, stock which he had undertaken to transport, after proof of loss or injury there is a presumption of law that he was at fault, and the burden rests upon him of showing that he is not liable, by reason of the happening of some cause which the law recognizes as an excuse.
4. A carrier of live stock may by special contract so limit his liability for loss or damage that he will be liable only in the event he is guilty of "gross negligence."
5. When in such a contract it is provided that the shipper shall "unload [the] stock (with the assistance of the company's agent or agents) at his . . own risk," it is the duty of the shipper either to be present himself, or have some one representing him present at the unloading of the stock; and in the trial of a suit in which the carrier relies on such a contract as a defense, it is not error to so charge the jury, if they are also instructed that a failure of the shipper to be present or

have some one present in his behalf would not defeat a recovery by him unless it appear that the damages claimed resulted from such failure.

Argued March 13, — Decided May 16, 1900.

Action for damages. Before Judge Cobb. City court of Athens. February term, 1899.

*Henry C. Tuck,* for plaintiff.
*Erwin & Brown,* for defendants.

Cobb, J. The plaintiff brought an action against the defendants, to recover damages on account of injuries which it was alleged had been inflicted by the negligence of the servants of the defendants on certain live stock which they had undertaken to transport for the plaintiff from Atlanta to Athens. See *Cooper* v. *Railroad Companies,* 105 *Ga.* 83. The petition set forth two elements of damage. It was alleged, first, that one mule worth a stated sum had been rendered practically worthless by having one leg broken, this injury resulting from the mule getting its foot hung in the open lattice-work forming the side of the car in which the stock were shipped. The other element of damage was alleged to have arisen from the conduct of the defendants in unloading the stock at Athens, after the hour of midnight, into an open pen or inclosure while the weather was very cold and a strong biting wind or blizzard was blowing, in which inclosure the stock remained the balance of the night, and from such exposure they contracted distemper, and on account of this were injured and damaged in a stated sum. The defendants answered, denying the material allegations of the petition. The case went to trial, and a verdict was returned in favor of the defendants. The plaintiff's motion for a new trial having been overruled, he sued out a bill of exceptions to this court, complaining of the refusal of the court to grant a new trial.

1. Under the common law a common carrier was liable absolutely and at all events to deliver the property which it had undertaken to carry safely to the consignee or owner, and was excused from liability only when the loss or injury was caused by an act of God, or the public enemy, or the shipper's negli-

gence. 6 Am. & Eng. Enc. L. (2d ed.) 263; *Fish* v. *Chapman,* 2 *Ga.* 349; *Cooper* v. *Berry,* 21 *Ga.* 535. The statute of this State is to the same effect. Civil Code, § 2264. The transportation of live stock over land was, however, unknown to the common law, and consequently the liability of carriers of live stock is not to be determined by the strict common-law rule. *Georgia Railroad* v. *Spears,* 66 *Ga.* 485; Pardington *v.* New South Wales Rwy. Co., 38 Eng. L. & E. Rep. 432; 2 Rorer on Railroads, 1301-2. By statute (17 & 18 Vict. ch. 31, § 7) carriers of live stock were in England made liable as common carriers. While there has been some doubt as to whether carriers of live stock were common carriers, it seems to be well settled now that they are. Hutchinson, Car. §§ 217-218; 5 Am. & Eng. Enc. L. (2d ed.) 428, and cases cited in each.

2. While carriers of live stock are common carriers, certain exceptions have grown up in their favor, arising from the nature of the property transported. Among these exceptions are the natural death of the animals, the vicious and uncontrollable nature of the stock, and similar exceptions. Such causes are within the principle which excuses common carriers from loss or damage resulting from the act of God. They are causes which arise from the nature and propensity of the animals, and which could not be prevented by foresight, vigilance, and care. Hutchinson, Car. § 216a; 5 Am. & Eng. Enc. L. (2d ed.) 443. Such exceptions as these were clearly recognized in the case of *Georgic Railroad* v. *Spears,* cited above, holding that carriers of live stock were common carriers.

3. It being settled that a carrier of live stock is a common carrier, and entitled to the privileges and, with the exceptions just referred to, subject to the penalties imposed on such a carrier, the question arises as to whether under our law, in a case like the present, the burden of showing negligence is on the plaintiff, or whether it is incumbent on the carrier to show that the failure to deliver the stock in good order was attributable to some cause which the law recognizes as an excuse for such failure. The Code declares that "In cases of loss the presumption of law is against [a common carrier], and no excuse avails him unless it was occasioned by the act of God or the public enemies

of the State." Civil Code, § 2264. And also, that "A railroad company shall be liable for any damage done to persons, stock, or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employment and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." Civil Code, § 2321. It would follow that in a suit against a railroad company acting as a common carrier of live stock, for damages alleged to have resulted from the way in which the stock were transported, when the plaintiff has shown a delivery of the stock to the company and loss of or injury to the stock while in the possession of the company, the law would raise a presumption that such loss or injury resulted from the defendant's negligence, and the burden would be upon the defendant to show that the loss or injury was the result of some cause which would, under the law, be an excuse for a failure to deliver the stock in good order. The defendants contend, however, that even if the charge of the judge on the subject of the burden of proof was erroneous, it was harmless, for the reason that the defendants actually assumed the burden of showing that they were without fault. But, even if this is true, harm might have resulted from the judge's charge. It is impossible to tell from the jury's verdict whether they based the same on the testimony for the defendants, which it is claimed established they were without fault, or on an opinion which they entertained that the plaintiff had failed to successfully carry the burden which the court had improperly placed upon him. Under the judge's charge, if the jury believed that the plaintiff did not by his testimony show the defendants in fault, a verdict for the defendants would naturally result even though they introduced no evidence whatever. We think, therefore, that the error of the judge in improperly placing the burden of proof was of such a character as to require a new trial.

4. Carriers of live stock may limit their liability by a special contract, which will be enforced, if based upon a sufficient consideration and if not unreasonable, immoral, or contrary to

public policy. *Georgia Railroad* v. *Spears,* 66 *Ga.* 485 ; *Central Railroad* v. *Bryant,* 73 *Ga.* 722 ; *Railway* v. *Disbrow,* 76 *Ga.* 253 ; *Ga. R. & B. Co.* v. *Reid,* 91 *Ga.* 377 ; Hutchinson, Car. § 225, et seq. ; 5 Am. & Eng. Enc. L. (2d ed.) 441, 288. In the present case the defendants introduced in evidence a contract of shipment entered into between them and the plaintiff, whereby the plaintiff agreed to release the defendants from liability in case of loss or injury to the stock by reason of a number of named causes, " and from all other causes incidental to railroad transportation and which shall not have been caused by the fraud or gross negligence of said railroad companies. " Under this contract the defendants were required to exercise only slight diligence, and were liable only for gross negligence; and an instruction to the jury to this effect was not erroneous. In *Georgia Railroad* v. *Spears,* supra, it was held that a contract almost identical in language with the one now under consideration was enforceable, as it was "neither impossible, unreasonable, nor illegal. " The contract under consideration in that case was also held to be based upon a sufficient consideration, this being a reduction in freight and a free passage to the owner. This was also the consideration of the contract involved in the present case. Of course a common carrier can not make a valid contract exempting him from liability altogether when the damage is caused by his own negligence. *Berry* v. *Boykin,* 28 *Ga.* 543 ; *Purcell* v. *Express Company,* 34 *Ga.* 315. But this is a different thing from limiting by contract his liability for damage caused by his gross negligence only. Hutchinson, Car. § 229, and cases cited. There was, therefore, no error in the charge complained of, and the defendants may excuse themselves · by showing that they exercised the degree of diligence the contract requires. The provisions of sections 2313 and 2314 of the Civil Code, which prohibit common carriers from enforcing or requiring consignors of live stock "to contract for a liability less than the actual value of such animals in case of loss or injury to the same resulting from the negligence" of the carrier, and declaring that all such stipulations in contracts of shipment shall be void, " unless the shipper shall voluntarily assent to" such stipulations, have no bearing upon the present case, for

the reason that so far as the present record discloses there was no effort to recover any amounts larger than those stipulated in the contract of shipment. But, even if there had been, there was evidence tending to prove that the shipper voluntarily assented to all the stipulations in the contract of shipment. The fact that there was in the present case a special contract would not take it out of the rule, that after the plaintiff has proved that the stock were lost or injured while in the possession of the defendants the law would raise a presumption that the defendants were at fault. Such a presumption would in such a case arise, and the burden would then be placed upon the defendants to show that they had exercised the degree of diligence which the contract required. *Columbus Railroad Co.* v. *Kennedy,* 78 *Ga.* 653.

5. The contract entered into between the plaintiff and the defendants provided that the plaintiff should " unload said stock (with the assistance of the company's agent or agents) at his or their own risk, and feed, water, and attend the same at his own expense and at his own risk while in the stock-yard of said company, or at the transfer points, or where it may be unloaded for any purpose. " The court charged the jury that it was the duty of the plaintiff, under the contract, to have been present at the unloading of the stock; and this is assigned as error. There was no error in this charge. See *Georgia R. R.* v. *Reid,* 91 *Ga.* 377. Of course the failure of the plaintiff to be present would not of itself prevent him from recovering; but if the loss or damage was the result of his not being present, he could not recover.

The foregoing deals with all of the assignments of error which are of sufficient importance to be discussed at length, or which relate to matters which will probably arise at another trial. As the case goes back for another hearing, no opinion on the evidence is expressed. If the defendants fail to overcome the presumption of law, that they were guilty of gross negligence in the way in which they transported, took care of, and delivered the stock, which presumption would arise as soon as the plaintiff shows that the stock were injured while in the possession of the defendants, a recovery in behalf of the plaintiff

for the damage he has sustained would not be unwarranted. If, on the other hand, the defendants should show by evidence that they have exercised all that care and diligence which their contract of shipment required of them, the plaintiff would not be entitled to recover.

*Judgment reversed. All concurring, except Fish, J., absent.*