SAMUEL SUMMERLIN, *Plaintiff in Error*, v. THE SEABOARD AIR LINE RAILWAY, A CORPORATION, *Defendant in Error*.

1. The liability of a common carrier as an insurer does not extend to any damage resulting from an intrinsic cause against which care and foresight could not provide, for such cause is within the principle which excuses common carriers from loss or damage resulting from the act of God. Under this rule the liability of the carrier undertaking to transport live stock for those who choose to employ him, does not extend to any damage resulting from the nature, disposition or viciousness of the animal.

2. The doctrine of the common law which holds the carrier to the liability of an insurer does not deny to the parties to the shipment the right to enter into contracts with reference to this liability, and it is well settled that the owner and the carrier may, by contract, provide for a limitation of the carrier's liability that is not illegal or unreasonable.

3. Whenever a railroad company receives cattle or live stock and undertakes to transport the same for hire, such company assumes the relation of a common carrier and becomes chargeable

with the duties and obligations which are incident to that relation, except so far as such duties and responsibilities may legally be modified by special contract.

4. A common carrier of goods cannot legally stipulate for exemption from liability for losses occasioned by its own negligence, or that of its agents or servants, and all stipulations for exemption from negligence, whether gross or ordinary, are ineffectual. A failure to exercise the care and diligence due from railroad companies as common carriers is negligence, without any legal distinction as being gross or ordinary.

This case was decided by Division B.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*H. S. Hampton,* for plaintiff in error;

*Geo. P. Raney* and *P. O. Knight,* for defendant in error.

PARKHILL, J.—The plaintiff in error sued the defendant in error in the circuit court for Hillsborough county for loss and damage occasioned by the negligent and careless transportation by the defendant company of certain beef cattle of the plaintiff from Quincy, Florida, to Tampa, Florida, and certain live hogs of the plaintiff from Hampton, Florida, to Tampa, Florida.

The defendant, for plea, said, "that the shipments in question were made under and by virtue of a certain contract entered into by and between the shipper and the defendant, wherein the shipper did assume and release

the railroad company from all injury, loss, damage or depreciation which the animals or either of them, might suffer in consequence of either of them being weak or injuring themselves or each other, or in consequence of overloading, heat, suffocation, fright or viciousness, and from all other causes incidental to railroad transportation, and which shall not have been caused by the fraud or gross negligence of the railroad company, and this defendant avers that the injuries complained of were not caused by either the fraud or gross negligence of the railroad company, but were due to overloading, heat and suffocation of said animals and other causes, incidental to railroad transportation, of all of which it puts itself upon the country."

The court overruled a demurrer to this plea "on the ground that the plea set up a valid contract between the plantiff or shipper and the defendant company or carrier, and the declaration fails to allege that the injury to the live stock was occasioned by the fraud or gross negligence of the Co. or its employees." The plaintiff not desiring to amend his declaration, judgment was entered for the defendant and the plaintiff sued out a writ of error.

In Clyde Steamship Co. v. Burrows, 36 Fla. 121, 18 South. Rep. 349, we pointed out that common carriers, by the common law rule, are held to a very strict accountability for the loss of goods and chattels received for carriage, such accountability being independent of contract and imposed by law on grounds of public policy and commercial necessity for the protection of the owner of the property. The court said: "In the absence of special contract restricting or modifying a common carrier's common-law liability in some particular which the courts may not consider unreasonable or subversive of

Fla.—44.

public policy, such carrier is an insurer against all risks of loss or injury, except those resulting directly from the act of God or the public enemy and without the intervention of human agency while the carrier is in line of duty." . Where the happening of the injury has been contributed to by the carrier, or would not have resulted from the act of God but for the carrier's negligence or departure from the line of his duty he is not protected. The liability of a common carrier as an insurer does not extend to any damage resulting from any intrinsic cause against which care and foresight could not provide, for such cause is within the principle which excuses common carriers from loss or damage resulting from the act of God. Norris v. Savannah, F. & W. Ry. Co., 23 Fla. 182, 1 South. Rep. 475. Under this rule the liability of the carrier, undertaking to transport live stock for those who choose to employ him, does not extend to any damage resulting from the nature, disposition or viciousness of the animal. East Tennessee, V. & G. R. Co. v. Johnson, 75 Ala. 596, S. C. 51 Am. Rep. 489; Cooper v. Raleigh & G. R. Co., 110 Ga. 659, 36 S. E. Rep. 240. .

The doctrine of the common law which holds the carrier to the liability of an insurer does not deny to the parties to the shipment the right to enter into contracts with reference to this liability, and it is well settled that the owner and the carrier may, by contract, provide for a limitation of the carrier's liability that is not illegal or unreasonable. Atlantic Coast Line R. Co. v. Dexter & Conner, 50 Fla. 180, 39 South. Rep. 634; 1 Hutchinson on Carriers, § 419, and cases cited; Chicago, R. I. & P. R. Co. v. Witty, 32 Neb. 275, 49 N. W. Rep. 183. Whenever a railroad company, therefore, receives cattle or live stock and undertakes to transport the same for hire, such company assumes the relation of a common

carrier and becomes chargeable with the duties and obligations which are incident to that relation, except so far as such duties and responsibilities may legally be modified by special contract. Hutchinson on Carriers, § 221; Moulton v. St. Paul, M. & M. Ry. Co., 31 Minn. 85, 16 N. W. Rep. 497, S. C. 47 Am. Rep. 781.

A common carrier of goods, however, cannot legally stipulate for exemption from liability for losses and injuries occasioned by its own negligence, or that of its agents or servants. Such a stipulation is, in this country regarded as contrary to a public policy which recognizes the inequality of the parties to the contract of shipment at the time of its execution, and the exercise and enjoyment by the common carrier of franchises granted for a public purpose and for the public benefit. It is not simply a question between the carrier and the single individual with whom the contract is made. It is a question of public interest on the one hand and public duty on the other. In discussing the question of the public concern with reference to these stipulations, Mr. Justice BRADLEY, speaking for the court in Railroad Co. v. Lockwood, 17 Wal. (U. S.) 357, says: "If the customer had any real freedom of choice, if he had a reasonable and practicable alternative, and if the employment of the carrier were not a public one, charging him with the duty of accommodating the public in the line of his employment; then, if the customer chose to assume the risk of negligence, it could with more reason be said to be his private affair, and no concern of the public. But the condition of things is entirely different, and especially so under the modified arrangements which the carrying trade has assumed. The business is mostly concentrated in a few powerful corporations, whose position in the body politic enables them to control it. They do, in fact,

control it, and impose such conditions upon travel and transportation as they see fit, which the public is compelled to accept. These circumstances furnish an additional argument, if any were needed, to show that the conditions imposed by common carriers ought not to be adverse (to say the least) to the dictates of public policy and morality. The status and relative position of the parties render any such conditions void. Contracts of common carriers, like those of persons occupying a fiduciary character, giving them a position in which they can take undue advantage of the persons with whom they contract, must rest upon their fairness and reasonableness." See Thompson's Com. on Neg. § 6507, and cases cited; I Hutchinson on Carriers, § 453; Clark on Contracts, § 203; 6 Cyc. 391; 5 Am. & Eng. Ency. Law 458; Western Union Tel. Co. v. Milton, 53 Fla. 484, 43 South. Rep. 495.

Some courts which have been inclined to recognize the validity of contracts relieving carriers from liability for negligence have drawn a distinction between ordinary negligence and gross negligence, as has been attempted to be done by the contract in the instant case. In Illinois the cases indicate a leaning in favor of allowing the exemption from liability for ordinary negligence of servants; but they deny the right to an exemption from liability for damage resulting from gross negligence of the carrier or his employes. This is also the view of the courts of Georgia, see Cooper v. Raleigh & G. R. Co., 110 Ga. 659, 36 S. E. Rep. 240, and South Dakota, see Meuer v. Chicago, M. & St. P. Ry. Co., 5 S. D. 568, 59 N. W. Rep. 945, where it is claimed that the statute allowing the carrier to limit his liability by express contract permits stipulations against liability for ordinary negligence.

Summerlin v. S. A. L. Railway.—Opinion of Court.

This assumed distinction is repudiated by other courts and, in the absence of a statute controlling us, we will adhere to the rule supported by reason and authority that denies the carrier the right to contract for an exemption of any degree of negligence, and hold to be ineffectual all stipulations for exemption from liability on account of negligence, whether gross or ordinary. Thompson's Com. on Neg. §6511; 6 Cyc. 391; Michigan Southern and Northern Indiana R. Co. v. Heaton, 37 Ind. 448; Shriver v. Sioux City & St. P. R. Co., 24 Minn. 506; Moulton v. St. Paul, M. & M. Ry. Co., 31 Minn. 85, 16 N. W. Rep. 497, S. C. 47 Am. Rep. 781; Baltimore & O. S. W. Ry. Co. v. Ragsdale, 14 Ind. App. 406, 42 N. E. Rep. 1106.

A failure to exercise the care and diligence due from railroad companies as common carriers is negligence, without any legal distinction as being gross or ordinary. Chicago, R. I. & P. R. Co. v. Witty, 32 Neb. 275, 49 N. W. Rep. 183.

The contract in question here, seeking to exonerate the defendant company from liability for all except gross negligence, is obnoxious to the rule here announced. The court erred in overruling the demurrer to the plea, and the cause is reversed.

TAYLOR and HOCKER, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.