## 1087. BRANNON & POTTS *v.* ATLANTA & WEST POINT RAILROAD COMPANY.

The allegations of the petition, in connection with the provisions of the special contract made a part thereof, show a good cause of action, and the court erred in sustaining a general demurrer and dismissing the petition.

Action for damages, from city court of Newnan—Judge Freeman. February 18, 1908.

Argued May 6,—Decided September 28, 1908.

Brannon & Potts brought suit against the Atlanta & West Point Railroad Company to recover $202.50, the value of a mule, which they alleged was shipped, in company with twenty-one other mules and two horses, by them from Atlanta to Moreland, Georgia. It was alleged, that the stock, when delivered to the railroad company in Atlanta, was in good condition and order, and that the company agreed, in consideration of a freight rate, to safely transport and

deliver all of said animals to the plaintiffs at Moreland, Georgia, the shipment of said stock being under a special contract, made by the plaintiffs with the defendant, and attached to the petition; and that the company violated its contract of shipment and was negligent in transporting and undertaking to deliver the animals to the plaintiffs at Moreland, Georgia, in the following particulars: "When the car containing said animals arrived at Moreland, Ga., defendant company had no proper or suitable place or means for unloading said animals from said car at said point, and undertook to unload said animals from said car onto the merchandise platform of its depot at said point; and while defendant company was thus unloading said animals, one of said mules fell on and from said platform, thus breaking one of its legs, and thus rendering said mule useless and worthless, and wholly destroying its value; that the company failed and neglected to safely deliver said mule to your petitioners at Moreland, Ga., and made no delivery of said mule to your petitioners at said place at all, and said mule was never received by your petitioners at said point, but was kept and retained by defendant company." By an amendment it was alleged, that when the car in which the live stock was loaded arrived at Moreland, Ga., "the said platform was wet and slick, which was unknown to plaintiffs when said stock was shipped, and defendant was negligent in not placing sawdust, gravel, or some substance, on said platform, to prevent said stock from slipping or falling thereon. The said mule slipped and fell on account of said improper means afforded by defendant for unloading said stock, and the wet and slick condition of said platform."

The court sustained a general demurrer to the petition; and error is assigned on this judgment.

*W. C. Wright,* for plaintiffs.

*Dorsey, Brewster, Howell & Heyman, H. A. Hall, Lamar Rucker,* for defendant.

HILL, C. J. (After stating the foregoing facts.)

We think the allegations of the petition show a good cause of action against the carrier. A general allegation that the carrier had received the shipment in good order and did not transport it safely, but delivered it to the consignee in a damaged condition, would have been sufficient to put the carrier upon its defense, without any specific allegations of particular acts of negligence. *L. &*

*N. R. Co.* v. *Warfield,* 129 *Ga.* 473 (59 S. E. 234). The plaintiffs, however, set forth, as a part of their petition, the special contract made with the shipper, under which the live stock was transported, and alleged that the carrier violated the terms of this contract in certain particulars; and it is insisted, in support of the demurrer filed by the defendant, that the allegations of negligence, taken in connection with the terms and conditions of this special contract, show that the carrier is not liable for the alleged damage to the mule. It is well settled that the carrier, by special contract made with the shipper, can limit or qualify the liability which the law imposes upon it; but this right does not go to the extent of exempting it from the result of its own negligence. *Central R. Co.* v. *Pickett,* 87 *Ga.* 734 (13 S. E. 750); *Central Ry. Co.* v. *Hall,* 124 *Ga.* 322 (52 S. E. 679, 110 Am. St. R. 170, 4 L. R. A. (N. S.) 898). And the contract in this case does not attempt to do so; for it expressly stipulates that the carrier is liable for loss or damage to said animals resulting from the negligence of its agents or servants. Under the law, it is the duty of a carrier of live stock to provide safe and proper facilities and a safe and proper place for unloading the stock from its cars at the point of destination, and the carrier is liable for injuries sustained by the animals while being unloaded, in consequence of insufficient facilities used or furnished by it for unloading stock. 5 Am. & Eng. Enc. Law (2d ed.), 449. In *East Tenn. Ry. Co.* v. *Herrman,* 92 *Ga.* 384 (17 S. E. 344), the Supreme Court says, "Even if a defect in a platform from which a railroad company is loading a horse upon a car would, under any circumstances, excuse the company for injuring the horse by reason of such defect, it certainly would not do so in the absence of full diligence to discover the defect before exposing the horse to the risk of injury." Now, the allegations of the petition on this point are that the defendant had no proper or suitable place or means for unloading animals from the car at Moreland, the point of destination, and undertook to unload the animals from the car on the merchandise platform of its depot, and, while it was thus unloading the animals, one of the mules fell on and from the platform, breaking one of its legs and wholly destroying its value; and, by an amendment, it was alleged, that the platform was wet and slick, which condition was unknown to the plaintiffs when the stock was shipped, and that the defendant

was negligent in not placing sawdust or gravel, or some substance,. on the platform, to prevent the stock from slipping or falling there- on, and that the mule slipped and fell on account of the improper means afforded by the defendant for unloading stock, and the wet. and slick condition of the platform.

To meet these allegations of negligence; it is said that the con- tract in this case provides that the shipper shall unload the stock, and that if the carrier furnished any one to assist in so doing, he- should be deemed an employee of the shipper. We do not think. it makes any difference whether the shipper or the carrier was to unload the stock. In either event it was the duty of the railroad company to have a safe place at which to unload the stock, whether the unloading was done by the defendant or by the shipper, unless the unsafe condition of the place was known to the shipper and he nevertheless undertook to unload his stock at that place, taking the. risk of their being injured on account of its unsafe condition.. But the allegations of the petition on this point are, that the rail-- road company undertook-to unload the stock itself, entirely through its own agents, and while thus unloading them onto the merchan-- dise platform of its depot, in its unsafe condition, which unsafe· condition was unknown to the plaintiffs, the mule in question fell and broke its leg. It is also insisted, in behalf of the defendant,. that under the contract its duty in reference to transporting and. delivering the stock ceased altogether after the stock had been de-- livered to the consignee. This would be true, but the allegation is that the mule in question was never delivered to the consignee· by the defendant, but on the contrary was kept and killed by the defendant on account of its worthless condition, caused by the in- jury received in unloading it from the car by the agents of the defendant. Notwithstanding the special contract limiting the lia-- bility of the carrier, where the stock was injured in the possession of the carrier, the law would raise a presumption of negligence,. which it would be incumbent upon the carrier to rebut by proof, showing the exercise of that degree of diligence required by the contract. *Ga. So. & Fla. Ry. Co.* v. *Greer, 2 Ga. App.* 516 (58 S. E. 782).

Assuming the truth of the allegations of the petition in this case in connection with the contract, which was made a part thereof,. we think liability would be the legal result, and that therefore the:

court erred in sustaining the general demurrer and dismissing the petition. *Cooper* v. *Raleigh etc. Ry. Co.,* 110 *Ga.* 659 (36 S. E. 240).                                    *Judgment reversed.*