### 4196.   WEAVER v. SOUTHERN RAILWAY CO.

Where, in a contract of affreightment for the transportation of live stock, the shipper obligates himself to accompany the stock and feed and water them, he can not recover of the carrier damages for injuries to the stock, caused from failure to supply them with food and water, if he abandons the stock en route without making arrangements to have them fed and watered, and without making any demand upon the carrier to furnish facilities for the feeding and watering of the stock. Especially is this true where it appears that, at the point where it is claimed the carrier committed the breach of duty in failing to feed and water the stock, there was a stock pen in which the stock might have been unloaded, and no demand was made upon the carrier to supply the owner with necessary vessels from which to feed and water the stock. In the absence of such a demand and of a refusal to comply therewith, the carrier can not be held liable as for breach of its obligation to furnish facilities for feeding and watering the stock.

DECIDED JULY 23, 1912.

Action for damages; from city court of Atlanta—Judge Reid. April 13, 1912.

*Burton Smith, R. W. Crenshaw,* for plaintiff.

*McDaniel & Black,* for defendant.

POTTLE, J. This is the second appearance of this case. The facts are fully reported in the former decision, in 9 *Ga. App.* 34 (70 S. E. 222). The suit was brought to recover damages for alleged injuries to live stock shipped from Thomaston, Georgia, to Atlanta, Georgia, over the lines of the Macon & Birmingham Railway Company and the Southern Railway Company. At the first trial a verdict was directed in favor of the plaintiff. That judgment was reversed by the Court of Appeals, upon the ground that there was some evidence upon which the jury might find in favor of the plaintiff. In the decision rendered upon the record as then presented, it was held that the plaintiff could not recover for any injury caused by failure to supply the stock with food and water, since, under the contract of affreightment, he was bound to accompany the stock and feed and water them himself, and the evidence showed that he abandoned them at Woodbury, and that the failure to supply them with food and water was not a breach of duty on the part of the defendant. It was further held that, as there was some evidence that might authorize a finding that there was injury to some of the stock from causes other than failure to feed and water, and for which the company would be responsible, the case should be submitted to a jury upon that issue. At the second trial the jury found for the defendant, and the plaintiff's motion for new trial was overruled.

The evidence is substantially the same as it was at the first trial. It is insisted that the court erred in charging the jury that the plaintiff could not recover for injury caused from failure to feed and water the stock, for the reason that the defendant had failed to supply the plaintiff with proper facilities for feeding and watering the stock at Woodbury. It appears now, as it did in the former trial, that there was a stock pen at Woodbury, where stock might have been safely confined after being unloaded from the car, but it does not appear that there were any troughs where food could be placed in the stock pen, or any receptacles for holding water for the stock to drink. If the injuries to the stock resulted from the carrier's failure to furnish proper facilities for feeding and

watering, then the company would be liable. *Comer* v. *Stewart*, 97 *Ga.* 403 (24 S. E. 845). On the other hand, if the proximate cause of the injury was the plaintiff's abandonment of the stock and his own failure to comply with his contractual obligation to feed and water, he can not recover. *Georgia Railroad Co.* v. *Reid*, 91 *Ga.* 377 (17 S. E. 934); *Cooper* v. *Raleigh & Gaston Railroad Co.*, 110 *Ga.* 659 (36 S. E. 240). The court's instruction practically amounted to a statement to the jury that the plaintiff was not entitled to recover, under the evidence, for any damage caused from failure to feed and water the stock; and this instruction, we think, was proper, under the facts of the case. It was undisputed that when the stock arrived at Woodbury and the plaintiff ascertained that there would be no freight-train from Woodbury to Atlanta until the next day, he abandoned his stock, without leaving them in the care of any person, and came to Atlanta. He made no demand upon the carrier to furnish any facilities for feeding and watering the stock; he made no effort to feed and water them himself; he employed no other person to do this for him in his absence. There was a stock pen near the track, where the stock might have been unloaded. If he had made demand upon the carrier to furnish troughs wherein the stock might be fed, and buckets out of which they might be watered, and the carrier had refused to comply with his demand, and injury had resulted to the stock from the plaintiff's failure to procure the necessary facilities for feeding and watering, then the carrier would have been liable. But where no such demand was made and no effort of any sort made to feed and water the stock which were abandoned by the plaintiff, we do not think that he can properly hold the carrier liable for the consequences of his own neglect. Having taken the risk himself, and the carrier having committed no breach of its contractual obligation, and no breach of any duty which it owed the plaintiff as a common carrier of live stock, the plaintiff must abide the consequences and suffer his loss. There was no error in any of the court's instructions, nor in refusing to give in charge the requests presented by the counsel for the plaintiff.

*Judgment affirmed.*