NICOLL v. EAST TENN., VA. & GA. RAILWAY CO.

Inasmuch as the common carrier did not stipulate by special contract against liability for his own negligence, even if he could do so effectively, the existence of a special contract for the shipment of live stock, with certain stipulations therein exempting the carrier from liability, is no obstacle to the maintenance of an action of tort based on his legal duty and a breach thereof by negligence.   The special contract will be a defence only in connection with evidence showing that the loss or injury complained of was not caused by the negligence alleged.   The case of *Boaz* v. *Central R. R. Co.*, 87 *Ga.* 463, construed in the light of the authorities therein cited, rules nothing to the contrary of this holding.

May 2, 1892.   By two Justices.                    *Judgment reversed.*

Carriers.   Negligence.   Contracts.   Actions and defences.   Before Judge WESTMORELAND.   City court of Atlanta.   September term, 1891.

Nicoll sued the East Tennessee, Virginia & Georgia Railway Company for damages, alleging : He shipped from Franklin, Kentucky, via the Louisville & Nashville railroad as receiving and forwarding carrier, to Eastman, Georgia, a car-load of horses, mules and cattle. The freight in its course of transit was delivered to defendant, sound, well and "as in good order" in Atlanta, Ga., for transportation to Eastman, Ga., and by the contract of shipment defendant, in consideration of freight charges paid it by petitioner, undertook to carry the same from Atlanta to Eastman with all due care and diligence and without fault or negligence on the part of its agents. Defendant delivered the horses, mules and cattle to petitioner at Eastman, and they were so injured, bruised and damaged as to be almost valueless. The injury to the stock was described in the declaration. All these injuries were caused by the negligence and carelessness of defendant, and by the rough treatment the animals received at defendant's hands during the course of the shipment from Atlanta to Eastman. Defendant was negligent in not carefully running its trains, etc., all to petitioner's damage $1,000.

During the submission of evidence for plaintiff it appeared that the animals were shipped under a contract in writing with the Louisville & Nashville Railroad Company, a special contract for the transportation of live stock at a special rate. The defendant moved to dismiss the case because it was shown that there was a special contract in writing, and insisted that that contract must be sued on. It was agreed by counsel that the point could be settled at that stage of the case. The judge sustained the motion, upon the ground that the shipment was made under a special contract and the declaration was a common law declaration, and instead of the common law liability the liability was dependent upon the written contract. Plaintiff excepted. It ap-

peared from the testimony for plaintiff that the stock was loaded on the L. & N. R. R., consigned to Eastman from Franklin, Kentucky; that it was delivered to the defendant at Atlanta for transportation to Eastman, and when delivered in Atlanta was in good shape, but when it got to Eastman was in very bad condition, etc.; and that the person who had charge of it for plaintiff delivered the car-load to defendant at Atlanta in person, defendant making no objection to their condition at the time. The written contract mentioned was, upon its face, a contract between the Louisville & Nashville Railroad Company and its connecting lines, of the first part, and the plaintiff of the second part, for the transportation of one car of stock from Franklin, Kentucky, to Nashville, Tennessee. It purported to be signed by plaintiff and by the agent of the L. & N. R. R. at Franklin, Kentucky. The consignee was stated to be plaintiff, and the destination Eastman, Georgia. Upon the back of the contract it was called "Contract for transportation of live stock . . from Franklin, Ky., Station, to Eastman, Ga., Station"; and there was entered a pass for the owner to Chattanooga, one of the stipulations of the contract being for free passage to the owner or his agent on the train with the animals. The rate at which the transportation was to be made was not given, but it was said to be a special rate lower than the regular rate, and it was stipulated that in consideration the railroad company would transport the stock at this rate, and of the free passage of the owner or his agent on the train with the animals, "the said party of the second part hereby releases said party of the first part from the liability of a common carrier in the transportation of said animals, and agrees that such liability shall be only that of a private carrier for hire; and it is further distinctly understood by the parties hereto that all liability of said Louisville & Nashville Railroad Company as car-

rier of said animals, shall cease at its destined station if on said company's railroad, or if destined to a point beyond said company's railroad, then at said company's station at its terminus, when ready to be delivered to the owner, consignee, or carrier whose line may constitute a part of the route to destination. And it is further understood and agreed that said party of the second part has examined and found in good order and condition the car or cars provided by the said party of the first part for the transportation of said animals, and hereby accepts the same and agrees that they are, as thus provided, suitable and sufficient for said purpose; and said second party further agrees that he will at his own expense provide such bedding or other suitable appliances in said car or cars as will enable said animals to stand securely on their feet while in the same; and said party of the second part hereby releases said party of the first part and its connecting lines from all liability for and on account of any and all injury or injuries which the said animals, or any of them, may receive in consequence of any or either of them being vicious, wild unruly, or weak; and in consequence of any of them being killed, or maimed, bruised or otherwise injured; and in consequence of heat, suffocation, or other ill effects of being crowded in the cars; and in consequence of being injured by the burning of hay, straw, or other material used by the owner or his agent for feeding or bedding the said animals, or otherwise; and also from all damage or injury or loss, which may be sustained by reason of any delay or detention in such transportation, whether occasioned by any mob, strike, or threatened violence to person or property from any source, and from any injury to track or yards, and from any and all other causes, whether mentioned herein or not, and from the escape of any of said animals, and for loss or damage to said animals from any cause or thing whatever,

not resulting from the negligence of the agents or servants of said party of the first part."

F. R. & J. G. WALKER, for plaintiff.

DORSEY, BREWSTER & HOWELL, for defendant.