## HEADNOTE CASES

### IN WHICH FULL OPINIONS WERE NOT FILED.

---

MATHEWS, administrator, *v.* BURCH.

LITTLE, J. 1. Under the system of pleading established in this State, every suit should be commenced by petition, plainly, fully, and distinctly setting forth, in orderly paragraphs, the plaintiff's grounds of complaint. Therefore, a petition which does not plainly, fully, and distinctly set forth

a cause of action ought, on proper demurrer thereto, to be dismissed, unless its defects are cured by appropriate amendment.

2. Applying this well-settled rule to the present case, the action should have been dismissed, because: 1st. The petition did not clearly and distinctly set forth the nature of the alleged contract upon which the action was based.   2d. It did not definitely and unequivocally state the nature and character of the services to be rendered under such contract.   3d. It did not allege that the services referred to were ever in fact performed.

*Judgment reversed.   All the Justices concurring.*

Argued October 23,—Decided November 29, 1897.

Complaint.   Before Judge Smith.   Pulaski superior court. February term, 1897.

John H. Burch sued Ephraim Mathews, administrator of Mary Ann Mathews deceased, alleging:   On August 1, 1886, Mary Ann Mathews, being then in a helpless condition, and aged and infirm to such an extent as to require the attention of some one to look after her business, employed the plaintiff to go to her house and to remain with and labor for her during such time as she might require his services, agreeing to pay him such sum as his services were worth, the payment to be made by her making provision for him while in life, to be paid after her death.   Before she had made provision for payment of plaintiff, she intermarried at the age of 76 years with Ephraim Mathews, who prevented her, by persuasion and other fraudulent means, from performing her part of the contract; that is to say, she died without making provision for plaintiff for his services in looking after the business that he was employed to look after.   She died on July 21, 1895.   Plaintiff's services as aforesaid were of the value of $1,400, "as will more fully appear by reference to a bill of particulars hereto attached"; and Mathews as administrator is indebted to him in said sum and refuses to pay the same.   By amendment a bill of particulars was attached, as follows:   "Eastman, Ga. Aug. 30, 1895.   The estate of Mary Ann Mathews late of Pulaski county, Ga., deceased, to John H. Burch, Dr.   To services as cook and general laborer at and about the premises of said Mary Ann Mathews from the first day of August, 1886, until the first day of August, 1893, at two hundred dollars a year, $1,400."

A demurrer to the petition was overruled, and defendant excepted.

*J. H. Martin* and *L. C. Ryan*, for plaintiff in error.
*D. M. Roberts* and *F. H. Burch*, contra.