MORGAN *et al. v.* GIBIAN, agent.

When the petition in an equitable proceeding against an insolvent corporation and its stockholders, seeking a recovery of unpaid stock subscriptions and an application thereof to the plaintiff's demand against the corporation, shows upon its face that the assets of the corporation have been placed in the hands of a receiver who has administered all of the same except the particular assets which the plaintiff is undertaking to reach, and fails to allege that the receiver has been discharged, a demurrer distinctly making the point that the plaintiff can not, upon this state of facts, maintain his action is good and should be sustained.

Submitted March 1,—Decided April 2, 1902.

Equitable petition. Before A. L. Miller, judge pro hac vice. Bibb superior court. December 1, 1900.

*Dessau, Harris & Harris, Steed & Ryals, O. A. Park,* and *M. P. Callaway,* for plaintiffs in error, cited Civil Code, § 1890; High, Receivers, § 205.

*Hardeman, Davis, Turner & Jones* and *Alexander Proudfit,* contra, cited Civil Code, § 1892; 3 Thomp. Corp. § 3558.

FISH, J. This was an equitable proceeding brought by the plaintiff below against the Cumberland Island Company and certain persons alleged to be subscribers to its capital stock. The petition alleged that the company was indebted to the plaintiff in a stated sum upon an open account; that the other defendants were indebted to the corporation on their stock subscriptions; that the company was notoriously insolvent, had ceased to do business, and was largely indebted, having abandoned the business for the transaction of which it had been created; and "that all of the assets of said company had been administered by a receiver appointed by one of the superior courts of this State, with the exception of the unpaid subscriptions to the capital stock of said company due by said defendants to said company and others who are unknown to petitioner." The prayers of the petition were: that the court "appoint some suitable person as master, whose duty it shall be to audit the amount of the debts of said corporation in gross and the debts due to the creditors, to ascertain the number of stockholders, solvent and insolvent, and the per cent. necessary to be paid by each stockholder in proportion to his stock; that each of said defendants may be compelled to pay such a per cent. as shall be neces-

sary to pay the debt herein set out to petitioner; and that petitioner have judgment against each of defendants in proportion to the amount due by each of them on the unpaid subscriptions to said capital stock." This petition was met by a demurrer of which the following is a copy: "And now comes each of defendants in said case and demurs to plaintiff's petition as amended in said case, and for ground of demurrer says that said plaintiff can not maintain his action against these defendants in his own name, for the reason that the receiver of the said Cumberland Island Company is the only proper party to bring suit against the stockholders of said company on their unpaid stock subscriptions, and the rights of creditors of said company are represented by said receiver and can be set up against the unpaid stock subscriptions of the stockholders of said company only through the receiver of said company." The demurrer was overruled, and to this the defendants excepted. The case then proceeded to a trial, resulting in a verdict for the plaintiff. The defendants thereupon filed a motion for a new trial, but the same was overruled, and to this action on the part of the court they also excepted.

If the court erred in overruling the demurrer to the petition, the proceedings had thereafter should be treated as nugatory. See *Wright* v. *Hollywood Cemetery*, 112 *Ga.* 884, 893, citing approvingly *Haskins* v. *Bank*, 100 *Ga.* 216. We have without difficulty reached the conclusion that the demurrer ought to have been sustained. As will have been seen, the petition alleged that a receiver had been appointed to administer the assets of the defendant company. There is in the petition not even a hint that the receiver had been discharged, and therefore it must be assumed that he was still in office when the proceeding was instituted,—the more especially in view of the fact that the demurrer was not met by an amendment alleging that, in point of fact, the receiver had been discharged. It is obvious that unless this were true, the defendant stockholders could not lawfully be compelled, at the instance of the plaintiff, to pay their stock subscriptions; for a recovery against them in the proceeding instituted by him could not be set up in defense to a subsequent action brought against them by the receiver for unpaid stock subscriptions. It can not be seriously doubted that when the assets of an insolvent corporation are in the custody of a court for equitable administration, its receiver can not lawfully be inter-

fered with by the institution of independent actions for the re-covery of moneys which he alone is entitled to collect and hold subject to the order of the court appointing him. To permit such a thing would be to absolutely break up and render impossible the equitable administration which it was undertaking to make, and, besides, would lead to inextricable confusion and a miscarriage of justice. It is true that the case of *Harrell* v. *Blount*, 112 *Ga.* 711, furnishes an instance where an action like the present was instituted and successfully prosecuted to final judgment in favor of the plaintiffs; but in stating the facts of that case, Lumpkin, P. J., who delivered the opinion therein, took occasion to point out that " None of the defendants undertook by demurrer to challenge the right of the plaintiffs to thus institute a proceeding independent of that in which Wilson had been appointed receiver, and, upon the sole ground that he had been remiss in his duty, to practically depose him from office and themselves proceed directly against delinquent shareholders." See page 713. Again, in commenting upon the fact that the record disclosed the pendency of another action against the corporation and that a receiver had been appointed to take charge of its assets, he further remarked (page 719) : " Yet the plaintiffs in error failed entirely to urge upon Blount and Crawford the propriety of their intervening in that pending cause, but, on the contrary, suffered themselves, without protest, to be forced to trial as defendants to a wholly independent and apparently antagonistic proceeding." In dealing with that case, we confined our rulings, as it was our duty to do, to such questions only as were properly before us for determination. The comments above quoted clearly indicate, however, what we then thought of a proceeding such as that now under consideration; and we have not since undergone any change of views in regard thereto.

Judgment reversed. *All the Justices concurring, except Little and Lewis, JJ., absent.*