## LOUISVILLE & NASHVILLE RAILROAD CO. *v.* CODY.

It is not incumbent upon a plaintiff, when he elects to bring an action ex delicto against a railway company for damages arising from a failure on its part to properly perform its duties as a common carrier of live stock, to set forth in detail, by way of an exhibit to his petition or otherwise, the precise terms of the contract of affreightment. But it is necessary that he should specifically allege, when called upon to do so by an appropriate special demurrer, that he actually sustained loss by reason of such failure of duty, and also state the particular facts upon which he relies in support of his contention that the carrier was negligent touching the transportation of the live stock entrusted to its care for shipment.

Argued December 15, 1903.—Decided January 13, 1904.

Action for damages. Before Judge Butt. Muscogee superior court. April 24, 1903.

*Goetchius & Chappell*, for plaintiff in error.
*Hatcher & Carson*, contra.

TURNER, J. This case originated under an attachment sued out by W. E. Cody against the Louisville & Nashville Railroad Company, for the value of a mule alleged to have been killed through the negligence of the defendant, the mule being averred to be of the value of $135. The declaration in attachment alleged that the defendant company "received from petitioner," at Murray, Ky., nineteen horses and four mules, to be transported by it as a

common carrier of freight to Columbus, Ga.; that the horses and mules were in good order when delivered to the defendant, and by it, in consideration of certain freight to be paid it by petitioner, were to be with all due care and diligence, and without fault or negligence of its servants and agents, safely carried and delivered to petitioner at Columbus, Ga.; that notwithstanding the promise and undertaking of the defendant, as aforesaid, upon arrival at Birmingham, Ala., of the train upon which these horses and mules were shipped, one of the latter, of the value of $135, was down in the car, trampled to death; that "said mule was knocked down, bruised, and injured through the fault and negligence and want of due care and caution of said defendant, its servants and agents, in the handling of the train of cars in which said mule was being transported from Murray, Ky., to Birmingham, Ala., and that from said bruises and injuries said mule died;" and that, in order to recover the value of said mule, the plaintiff had sued out an attachment against the defendant, returnable to the superior court. The plaintiff prayed the judgment of the court against the defendant company for the value of the mule and for costs incurred, etc. The defendant appeared at the first term of the court and demurred to the plaintiff's petition on various grounds. Its demurrer was overruled, and it filed exceptions pendente lite to this ruling of the court. In the further progress of the case, after the introduction of the plaintiff's evidence, the defendant asked a nonsuit, which was refused. The jury found a verdict for the plaintiff for the amount sued for; a motion for a new trial was filed by the defendant, on numerous grounds, which motion was overruled; and the defendant then sued out a bill of exceptions to this court, assigning error upon the overruling of its demurrer, upon the refusal of the trial court to order a nonsuit, and upon its refusal to grant the defendant a new trial.

After giving due consideration to the first of these assignments of error, we have reached the conclusion that the defendant's demurrer should have been sustained. Accordingly, we shall not undertake to deal with either of the other assignments of error; for, as the overruling of the defendant's demurrer was erroneous, all subsequent proceedings in the trial court are properly to be regarded as of no effect. Southern Ry. Co. v. Dyson, 109 Ga. 104; Morgan v. Gibian, 115 Ga. 146, and cit. On the argument

before this court, counsel for the plaintiff in error insisted upon only three of the grounds of its demurrer, which were as follows : (1) "The alleged contract on which said cause of action is based is not sufficiently set forth to advise defendant of the terms thereof, nor is a copy of said contract exhibited, as by statute provided." (2) "It is not therein sufficiently alleged when, where, or in what manner the alleged damage was done to the mule alleged to have died, nor in what particular the defendant was negligent in the carriage of said mule." (3) "It does not appear in said declaration that the plaintiff was in any wise injured or damaged or suffered any loss on account of said mule for the alleged negligence of defendant, or its failure to perform its alleged contract of carriage; nor does it appear how or in what manner plaintiff was damaged or suffered any loss on account of the alleged injury to and death of said mule." The obvious reply to the first of these objections is, that the plaintiff, as it was his right to do, elected to bring a suit against the defendant company, sounding in tort, because of its alleged failure of duty as a common carrier, rather than to sue for a breach of the contract of affreightment. *Southwestern Railroad* v. *Thornton*, 71 *Ga.* 61; *Seals* v. *Railroad Co.*, 102 *Ga.* 817; *L. & N. R. Co.* v. *Spinks*, 104 *Ga.* 696; *State Mutual Life Assn.* v. *Baldwin*, 116 *Ga.* 859–860. And this being so, it was not necessary that the plaintiff should set forth the precise terms of such contract, but simply that he should allege, by way of inducement, facts showing that the relation of carrier and shipper existed between the defendant company and himself, and that there had been a failure on its part to peform its duties in the premises. Furthermore our statute (Civil Code, § 4963) provides merely that a contract which is declared on shall be incorporated in or attached as an exhibit to a petition only in the event such contract is evidenced by a writing; and the petition filed in the present case does not disclose that the contract therein referred to was, as matter of fact, in writing. The defendant's complaint that there is no "copy of said contract exhibited" is therefore not well taken. The defendant was not justified in filing a "speaking" demurrer; but if reliance was put on a special contract in writing, it should have been set up and taken advantage of by filing an appropriate plea. *Boaz* v. *Central R. Co.*, 87 *Ga.* 465; *Nicoll* v. *Railway Co.*, 89 *Ga.* 260.

The point raised by the demurrer that the plaintiff did not allege in his petition that he had been injured or damaged, or had suffered any loss, on account of the alleged negligence of the defendant, seems justified by the loose and equivocal allegations of his petition; and it being directly assailed by a special demurrer based upon this ground, we are compelled to hold that the petition was defective in this respect.    See, in this connection, *Mathews* v. *Burch*, 103 *Ga.* 539; *Mayor of Eastman* v. *Cameron*, 111 *Ga.* 110; *W. U. Tel. Co.* v. *Griffith*, Id. 563–4.    The declaration was also open to special demurrer on the ground that it did not with sufficient particularity aver wherein the alleged negligence of the defendant consisted, or in what manner the injury to the mule was brought about.    By recurring to the foregoing abstract of the declaration, it will be seen that the plaintiff merely alleges that, upon the arrival at Birmingham of the train on which the horses and mules were being transported, one of the mules was down in the car, trampled to death; that "said mule was knocked down, bruised, and injured through the fault and negligence and want of due care and caution of said defendant, its servants and agents, *in the handling of the train of cars*, . . . and that from said bruises and injuries said mule died." While these allegations, in a very loose and general way, disclose that the plaintiff's complaint is that there was a negligent handling of the train of cars, whereby the injured mule was knocked down and trampled on, they are not such as to put the defendant company upon reasonable notice of the acts of negligence relied on by the plaintiff, so as to enable it to properly prepare and present its defense.    *W. U. Tel. Co.* v. *Griffith*, supra.

In the case of *Miller* v. *Merchants & Miners Transportation Co.*, 115 *Ga.* 1009, it appears that Miller sued the transportation company to recover damages for personal injuries alleged to have been sustained by him on account of its negligence.    The petition alleged that he was an employee of the defendant; that one of its vessels, while lying at or near a wharf, had two piles of lumber loaded on her deck, one on the port and the other on the starboard side, and on these piles of lumber were loaded a number of cross-ties; that as he was going along between the two piles of lumber, engaged in loading the vessel, it suddenly listed to the starboard, causing one of the cross-ties which had been loaded on the port

side to fall upon and injure him, etc.    The petition further alleged that he was free from negligence, " did not know of the condition of the ship which caused it to list, and was then unaware of any improper distribution of the cargo;" and that his " injuries were due to the fault and negligence of said company in not properly loading and distributing the cargo of said ship, the latter being defective in construction, and therefore liable to list unless care was observed in loading the same; all of which was unknown to " him, and could not have been discovered by the exercise of reasonable care on his part; and that " said improper loading and defective construction of said ship was known to said defendant, or should have been known by the exercise of ordinary care and diligence."    The defendant demurred specially to the petition, upon several grounds, two of which were:    (1) that the declaration did not disclose " in what manner the cargo of said ship was improperly distributed;" and (2) that it was not shown "in said declaration in what manner said ship was defective in construction."    The demurrer was sustained upon these two grounds, and, the plaintiff failing to amend, the petition was dismissed by the trial court.    In passing upon an exception taken by the plaintiff to this ruling, this court said (page 1011):    " It will be observed that the negligence of the defendant which the plaintiff alleged caused his injuries was the improper loading and distribution of the ship's cargo and the defective construction of the ship.    The defendant, in order to prepare its defense, was entitled to be put on notice of the particular manner in which the plaintiff expected to show that the cargo was improperly distributed, and also the particular defects which plaintiff expected to prove existed in the construction of the ship.    The defendant, by an appropriate special demurrer, called for the information to which it was entitled.    The plaintiff declined to amend the petition in the respects indicated, and we are of the opinion that the court did not err in sustaining the demurrer and dismissing the petition. In *Blackstone* v. *Railway Co.*, 105 *Ga.* 381, it was held: ' Where  . .  the cause of the injury was alleged to be a pole concerning which the petition in general terms only alleged that it was " too near the track," and the defendant by special demurrer made the point that the petition did not allege " how near said pole was to the track," the petition ought to have been amended

so as to set forth the facts as to this matter more fully and explicitly ; and in the absence of such an amendment, this court will not reverse a judgment sustaining the demurrer and dismissing the action.' " And the court, in the course of the same opinion, cited the case of *W. U. Tel. Co.* v. *Jenkins*, 92 *Ga.* 398, in which it was held that a declaration filed by the wife of an employee of the company was good as against a general demurrer, though subject to a special demurrer, it being alleged in her declaration that her husband was killed without fault on his part, and wholly through the negligence of the company, his homicide having been caused by the falling of a rotten pole which he had climbed in the performance of his duties, its defective condition being unknown to him. Following the decisions announced in these cases, we hold that the plaintiff in this case should have averred in his declaration the particular manner in which he expected to show the defendant company improperly handled its train, what caused the injured mule to be knocked down and trampled on, and in what respect the company or its servants had been negligent and how its want of due care and caution resulted in loss to the plaintiff.          *Judgment reversed.     All the Justices concur.*