\* Insurance Companies *v.* Carrier Companies.

(*Jackson.* June 7, 1892.)

1. Removal of Causes. *No separable controversy exists, when.*

In a suit by an insurance company against a carrier company to recover amount of insurance paid to a shipper on account of a loss by fire, for which the carrier was liable, and against which the carrier had protected itself by insurance in other companies (non-residents of the State where the suit is brought, and residents of different States or of a foreign government) made defendants in order to recover of them when the liability of the carrier was established, there is, as to the carrier's insurers sued, no separable controversy within the statute of the United States authorizing the removal of litigation from the State to the Federal Court. The right of complainant to sue and recover of the carrier's insurers is but incidental to its litigation with the carrier, and such a litigation against the insurers is in the nature of a garnishment proceeding against them, and stands on the same grounds, so far as the question of removal is concerned, as though these defendants were in fact garnishees.

Code construed: §4200 (M. & V.); § 3461*a* (T. & S.).

Cases cited: 106 U. S., 99–108; 114 U. S., 60–62; 115 U. S., 56–61; 117 U. S., 280–282.

2. Illegal Contracts. *Of carrier as to rebates of freight charges.*

The Federal statute which forbids and declares unlawful all special rates, rebates, drawbacks, and preferences, is intended to make so much of a contract of affreightment void as related to the forbidden matter mentioned, but is not to be construed as making void an entire transaction of affreightment in which they were included, and excusing the carrier from any liability for freight received under such contract.

FROM SHELBY.

Appeal from Chancery Court of Shelby County. L. Lehman, Sp. Ch.

\* Head-note prepared by Judge Snodgrass.—Reporter.

Insurance Companies *v.* Carrier Companies.

TAYLOR & CARROLL for Complainants.

H. C. WARRINER and FRAZER & HEATH for Cross-complainants.

JOHN M. BUTLER for C. V. & C. Line.

HOLMES CUMMINS for N. N. & M. V. Co.

TURLEY & WRIGHT and METCALF & WALKER for Compress Co. and Fire Insurance Cos.

SNODGRASS, J. This suit results from the declaration of a liability (not adjudged, because the carrier was not before the Court) against the Cairo, Vincennes and Chicago Line, in the consolidated causes of *Deming & Co. et al. v. The Merchants' Cotton-press and Storage Co. et al.*, reported in 6 Pickle, 311.

The opinion in these causes, and those to which it refers, gives in full the history of facts out of which the present litigation grows, and none of these facts need be repeated here. It is sufficient to say that the Court then thought, and, on principles there settled, declared, as it now adjudges, that such line was and is liable. Nothing in this record, or in the argument upon it, affects the view there taken.

It also then adjudged, and now repeats, that the Cairo, Vincennes and Chicago Line was a necessary party to relief sought, incidentally and sec-

ondarily, against other defendants then before the Court and now before it.

This bill was filed on August 7, 1891, by marine insurers against proper representatives of that line, who entered appearance to litigate the merits of the unadjudged liability. The other defendants are the Merchants' Cotton-press and Storage Company and various fire and marine insurance companies.

On the merits of the controversy, the special Chancellor, Lehman, reached a conclusion as to the liability of the Cairo, Vincennes and Chicago Line and on other questions, in which we concur, including that of the non-liability of the Newport News and Mississippi Valley Company as to 948 bales of cotton; and the only question about which we have had any serious difficulty (in view of principles heretofore settled on other points) is that of jurisdiction, determined by the Chancellor before the hearing on the merits, and arises upon his refusal to permit the removal of the cause to the Federal Court upon the petition and bond of certain fire insurance companies, presented to the Court October 5, 1891, and amended November 21–23, 1891.

We hold that the real controversy in the case is between the marine insurers complaining and those for whom they sue, and the receivers of the Cairo, Vincennes & Chicago Line, defendants.

The object of the controversy was to charge that line with loss sustained by shippers and paid

by these complaining companies, and incidentally to collect of other defendants—the fire companies—whatever decree might be obtained.

These defendants, though made such to the bill, as formal parties, occupied substantially the position of garnishees, and were made defendants only that their indebtedness on account of insurance obligations might be reached and held subject to such final decree as complainants might obtain against the Cairo, Vincennes and Chicago Line; and no separable controversy, in the sense of the statute, is thus presented or otherwise arises as to them on any proper re-arrangement of parties. *Bacon* v. *Rives*, 106 U. S., 99–108.

The position that this is, in fact, a suit between the Merchants' Cotton-press and Storage Company and the fire companies—being " virtually a suit by the former against the latter "—is not maintainable; nor that the decree must, of necessity, be in its name against such companies, for, though the decree might take that form, it is not essential that it should do so, as it may properly recite facts of failure and refusal of that company—the nominal assured—to sue and adjudge liability directly in favor of complainants after proper account stated, all parties being before the Court—the Merchants' Cotton-press and Storage Company as defendants.

The Merchants' Cotton-press and Storage Company, whose duty it was, as trustee, to sue for and collect and appropriate to proper parties the

insurance effected by it for them, having neglected and refused to do so, the marine insurers had, therefore, the right to join it as defendant, and make all the fire insurance companies defendants, and have exact liability of each fixed and adjudged in complainants' favor.

It may be true that complainants, after obtaining decree against the Cairo, Vincennes and Chicago Line, might have sued each fire insurance company separately for its proportion of the insurance, to which, by virtue of such recovery, complainants might have been authorized to subject it; but the same is true in respect to appropriation of indebtedness of garnishees; and yet it does not follow that, for such reason, such debtors may not all be proceeded against at the same time, and with a view to hold such indebtedness to satisfy a prospective recovery under the general principles of equity and under our statute (M. & V., Code § 4200), nor change the fact that the litigation with them is but incidental to the main controversy.

If complainants fail in that, no controversy remains, and no question for settlement between any parties to the suit. The marine insurers had no right of action against any of these fire companies except as incidental to its litigation with this carrier. These fire companies, in the language of *Railroad Company* v. *Wilson*, 114 U. S., 60–62, "are made parties only in aid of the principal relief which is asked," and "no relief whatever can be granted" unless a judgment is obtained against

the carrier, and "as to that controversy the carrier is an indispensable party." "The sole purpose of the suit" is to obtain the judgment and secure its collection. "The suit is therefore against both, on a single cause of action."

The quotations which we have made from the Wilson case are not, it is true, of a controversy exactly the same in fact, but we think the same in principle, as are also those of *Crump* v. *Thurber*, 115 U. S., 56–61; and *Fidelity Insurance, Trust and Safe Deposit Co.* v. *Huntington*, 117 U. S., 280–282.

This case, too, like the last one cited, is peculiarly one in which all the fire companies, with the defaulting trustee, the Merchants' Cotton-press and Storage Company, should have been joined. There was no separate insurance on particular cotton, or in favor of a particular owner or carrier.

The liability of each defendant is the object of an equitable account, and the recovery of each complainant depends upon it. Each insurer is in equity indebted to each carrier in some amount, and the Merchants' Cotton-press and Storage Company for the remainder, as decreed by the Chancellor.

Taking this view of the question, we have not deemed it essential to go into a discussion of other reasons assigned for the non-removability of this cause.

Presenting as it does a Federal question, which gives to the Supreme Court a revisory jurisdiction

on this point, where our *action* rather than our *opinion* will come in review, we are content merely to state our conclusions upon the ground indicated, and our concurrence in decree refusing removal on that ground, because all advanced and all not advanced by us will be gone over again if carried there, and the question determined without reference to that upon which our decision is placed, and we do not deem it necessary to extend this opinion if no appeal is taken.

One other point, however, on a question of Federal law is made, which it is proper to definitely state and decide. It is argued that the shipper and the carrier were, through their representatives, " engaged in an unlawful violation of the interstate commerce law, which forbids and declares unlawful all special rates, rebates, drawbacks, and preferences." Secs. 2 and 3, p. 529, Sup. to Rev. St., U. S.; Sec. 6, as amended by Act of March 2, 1889, pp. 684, 685. And an assignment of error is predicated upon this fact, to relief decreed the insurer. This fact of special rate and allowance of rebate is denied, and it is matter of controversy and conflict of evidence; and it is also insisted, in answer to this, by plaintiffs that the interstate commerce law does not apply, for the reason that the evidence disproves any " common control " over the river and rail route. We are of opinion, however, and rest our decision upon the ground, that if it were assumed that the law was applicable, and the fact of agreement for rebate and special rate

proven, it would not avoid liability on the part of the carrier for the freight received and covered by insurance in the hands of the carrier's agent.

The law makes such agreements as to rebates, etc., void, but does not make the contract of affreightment otherwise void; and we think there is nothing in the law or the policy of it which requires a construction that would excuse a carrier from all liability, when it made such a contract in connection with that for receipt and transportation of freight. Such a construction would encourage rather than discourage such unlawful agreements for rebates. The carrier might prefer them to liability for the freight. Such a contract, as to rebate, would be void, and, of course, agreed freight rate in violation of law could not be enforced, but we think the shipper could, nevertheless, recover for loss of his freight through the carrier's negligence, and incidentally of carrier's insurers. No different construction has yet been put upon the interstate commerce law, so far as we are advised, and we decline to give it any other.

Other questions made by counsel have all been considered.

We think there was no objection to the arrangement by which the receivers entered their appearance, or to their contract for carriage or for insurance or of misnomer, available to defendants.

Assignments of error not specially mentioned are overruled after full consultation. We are of

Insurance Companies *v.* Carrier Companies.

opinion there is nothing in any of them to prevent complainants recovering or change the decree of the Chancellor, and it is affirmed.

Both parties having appealed, are taxed equally with costs of this Court.