# LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* WARFIELD & LEE.

129 473
130 584

1. In an action instituted by a shipper of goods against a common carrier on account of the civil wrong occasioned to the shipper by reason of the fact that the carrier, having received the shipment in good order, did not transport it safely, but delivered it to the shipper (who was also the consignee) in a damaged condition, particular acts of negligence need not be alleged.

2. When a carrier fails to deliver the goods intrusted to his care, or delivers them in a damaged condition, no excuse avails him, unless it was occasioned by the act of God, the public enemy, an inherent vice or natural deterioration of the object carried, or, in case of live stock, the viciousness of the animals, or that he is excused by special contract made with the shipper, by statute, or by negligence of the shipper.

(a) In an action against a carrier for the breach of duty to safely transport, specific allegations of negligence may be treated as surplusage.

3. The petition as described in the third query of the. Court of Appeals was not open to the special demurrer made thereto.

4. So much of the case of *Louisville & Nashville R. Co.* v. *Cody,* 119 *Ga.* 371, as holds that it is necessary for a plaintiff, who elects to bring an action ex delicto against a railroad company for damages arising from a failure on its part to properly perform its duties as a common carrier of live stock, to specifically allege, when called upon to do so by special demurrer, the particular facts upon which he relies in support of his contention that the carrier was negligent touching the transportation of live stock intrusted to its care for shipment, is formally overruled.

Argued October 26,—Decided November 13, 1907.

"The Court of Appeals desires the instruction of the Supreme Court as to the following questions of law for the proper decision of the above-stated case, to wit:

"1. In a case where an action is instituted by the shipper of goods against a common carrier, on account of the civil wrong occasioned to the shipper by reason of the fact that the carrier, having received the shipment in good order, did not transport it safely but delivered it to the shipper (who was also the consignee) in a damaged condition, is negligence of the carrier a necessary allegation?

"2. In such a case, is proof of negligence by the plaintiff material or immaterial; and would it be any defense to the carrier to show that it had not been negligent in respect to the shipment; or does the defendant's liability turn solely upon its ability to

show that the damage resulted by act of God, the public enemy, or similar cause? In construing a petition against the carrier in such a case, may an allegation of the carrier's negligence (either general or specific), through which the carrier caused or allowed the damage to occur and from which the civil wrong involved in the fact that the carrier did not transport the shipment safely (as it was under legal duty to do) arose, be treated as immaterial or rejected as surplusage?

"3. In such a case, where the plaintiff in his petition alleges the fact of the delivery of the goods to the carrier under such circumstances as to raise the legal duty on the carrier's part to safely transport them, and as to raise the liability on the carrier's part for all damages to them save only such as may be occasioned by act of God or the public enemy; and further alleges a breach of this duty in that the shipper did not safely transport the goods, but caused or allowed them to receive certain definitely described injuries; and further, in addition to these allegations, alleges that the injuries to the shipment were caused by the negligent delay of the carrier (the nature of the delay having been specifically set forth) and by the carrier's negligence in failing to properly attend to the shipment (the same consisting of live stock) while the same was in its possession: is a special demurrer by the defendant, on the grounds, that the acts of negligence charged against the defendant are not described, that it does not show wherein the defendant failed to properly attend the shipment, or what would have been proper attention thereto by the defendant, properly overruled by the trial court?

"In connection with the last question above stated: counsel for the defendant in error in the case at bar has, in accordance with the rules of this court, expressed a desire to question for the purpose of review the decision of the Supreme Court in the case of *Louisville & Nashville R. Co.* v. *Cody,* reported in 119 *Ga. Rep.* 371; and this court, upon a consideration of the question, being of the opinion that the decision should be modified or overruled, in accordance with the rule of court for such cases made and provided certifies the question, together with said request, to the Supreme Court."

*Hardeman & Jones,* for plaintiff in error.

*Joseph H. Hall* and *Warren Roberts,* contra.

EVANS, P. J. The questions propounded by the Court of Appeals involve matters of pleading and practice which were considered by this court in the case of *L. & N. R. Co.* v. *Cody,* 119 *Ga.* 371. If the ruling in that case be adhered to, we could on its authority give categorical answers. But a motion was made in the Court of Appeals to examine and review that case as bearing on the pleading and practice questions submitted to us, and we are requested by the Court of Appeals to review so much of that decision as relates to the matters certified to us for instruction. In the case of *L. & N. R. Co.* v. *Cody* it was held that it is necessary for a plaintiff, who elects to bring an action ex delicto against a railroad company for damages arising from a failure on its part to properly perform its duties as a common carrier of live stock, to specifically allege, when called upon to do so by special demurrer, the particular facts upon which he relies in support of his contention that the carrier was negligent touching the transportation of live stock entrusted to its care for shipment. Is the principle there stated a correct rule of pleading?

At common law a common carrier is bound to convey the goods of any person offering to pay his hire, unless the carriage be already full, or the risks sought to be imposed upon him extraordinary, or unless the goods be of a sort which he can not convey or is not in the habit of conveying. A common carrier was an insurer of the goods entrusted to his care, and was responsible for every injury sustained by them occasioned by any means whatever, except only the act of God and the king's enemies. *Fish* v. *Chapman,* 2 *Ga.* 349. For the failure to safely transport and deliver goods an action might be brought against a carrier, either in assumpsit or in case. In assumpsit the action was for the breach of the contract to carry, and an allegation of the failure to perform was considered a sufficient averment of its breach. When the action was brought in case, it was founded on the breach of the public duty. The duty to receive and safely transport goods was originally implied from the custom of the realm. In the evolution of time it became incorporated in the common law of England, and an action ex delicto for the breach of duty implied by law was very generally pursued to recover damages for goods lost or damaged while in the possession of the carrier. The main difference between the form of pleading in assumpsit and case was that in the former

the liability was based upon a breach of contract, while in the latter it was for a breach of duty. In the forms of pleading approved by Mr. Chitty (2 Chit. Pl. (11 Am. ed.) *356, *652) the allegations of breach of contract and breach of duty were substantially in the same words, and were to the effect that the carrier so negligently conducted himself that through his carelessness the goods entrusted to his care became lost to the plaintiff. In Morse v. Slue, Sir T. Raym, 220 (5 Eng. Rul. Cas. 244), one of the oldest cases where the doctrine was stated that a common carrier was responsible for the safe carriage of goods at all events, except for loss occasioned by the act of God or the public enemy, the declaration, which was in case, alleged that "the carrier so negligently kept the goods that in default of sufficient care the same were totally lost." In Coggs v. Bernard, Lord Raymond, 909, 1 Smith's L. C. (9th ed.) 354, the action was on the case, against a gratuitous bailee, for goods lost in carriage by the neglect of the bailee, and the negligence of the mandatary was alleged in general terms. In declaring against a mandatary, Mr. Hutchinson says, the plaintiff need not allege the particular character or degree of negligence upon which he relies for his recovery, but the allegation of negligence generally is sufficient. 1 Hutch. Car. § 34. There seems to be no doubt that at common law, in an action ex delicto, the plaintiff was not required to allege more than general negligence. The common-law rule as to alleging negligence generally is in force in many of the States. Lachner v. Express Co., 72 Mo. App. 13; Carlisle v. Keokuk, 82 Mo. 40; McFadden v. Mo. Pac. R. Co., 4 S. W. 689; McCauley v. Davidson, 10 Minn. 418; Great Western Ry. v. Hawkins, 18 Mich. 427; Peck v. Weeks, 34 Conn. 145; Long v. Brady (Conn.), 49 Atl. 199. The complaint in the last-named case alleged that the defendant was a common carrier; that the plaintiff delivered to him, as such common carrier, certain specified goods, to be carried from A to B, and there delivered to the plaintiff for hire; that the defendant neglected his duty in that he did not safely carry and deliver the goods, and that the different articles carried were injured by default of the defendant, to the damage of the plaintiff. The defendant demurred to this complaint, because it alleged the several articles specified were injured by default of the defendant, without stating any fact to show in what his default consisted. The

court held, that as the action was for a breach of the duty imposed on common carriers, independently of contract, it was not necessary to allege particular acts of negligence. There is no statute in this State which requires a plaintiff, in a suit against a common carrier for breach of duty in failing to safely transport goods, to allege particular acts of negligence. There are sound reasons why he should not be required to specify the particular acts of the carrier's negligence, which caused the loss or injury to his goods. Where the law imposes an absolute duty, the failure to perform that duty to the damage of another raises a liability; and it would be superfluous to inquire into the causes that interfered with the discharge of the duty, when such causes would not relieve from liability. It is an elementary rule of pleading that the allegation of any fact which is not issuable or jurisdictional is not demanded. When the carrier fails to deliver the goods entrusted to his care, no excuse avails him, unless it was occasioned by the act of God or the public enemies of the State. Civil Code, §2264. This was the common-law liability. The carrier may also set up as an excuse for the loss or injury of goods in his care, in case of live stock, the viciousness of the animals (*Ga. R. Co.* v. *Spears,* 66 *Ga.* 485) ; in the case of perishable articles, the natural deterioration of the object carried (*Forrester* v. *Ga. R. Co.,* 92 *Ga.* 699), or the inherent vice in the goods; or that he is excused by the special contract made with the shipper (*Boaz* v. *Central R. Co.,* 87 *Ga.* 463), or by statute; or negligence of the shipper. None of these excuses which the law recognizes relate to the degree of care which he must exercise in the performance of his public duty. To illustrate: Suppose the goods are destroyed by a collision of the cars of the carrier. It would be altogether idle to inquire whether the collision was caused by the carrier's negligence; for be he ever so diligent, his diligence would not relieve him from liability, unless he further shows that the loss of the goods is attributable to one of the causes which the law allows as an excuse for non-performance of his public duty. To require a specific allegation of negligence relating to the circumstances attending the collision would be to introduce in the pleadings a feigned and superfluous issue. Besides, the shipper has no means of knowing the facts relating to the loss of his goods, and it would be hard on him to demand an averment

of facts concerning which, from the very nature of the transaction, he must ordinarily be ignorant.

The rule stated in *L. & N. R. Co.* v. *Cody* is a departure from the common law, and it is based upon the four cited cases, none of which was a suit against a carrier for damages arising from the loss or injury of goods delivered to it for transportation. These cases concerned suits where damages were claimed for personal injuries because of the negligence of the carrier. We do not think the two classes of cases are analogous. The duty of a carrier of passengers to safely transport is not absolute. The carrier is bound to use extraordinary diligence to protect the lives and persons of his passengers, but he is not liable for injuries to the person after having used such diligence. Civil Code, §2266. So also, in the case of injuries to employees and to third persons, the duty is to exercise ordinary care; and when the carrier measures up to this duty, he is absolved of liability. Where damages are claimed of a carrier from a failure to exercise the diligence which the law enjoins, the lack of diligence of the carrier is the fundamental ground of the complaint. The authorities cited in the opinion of Mr. Justice Turner go only to the point that when the gravamen of the complaint is that the injury was caused by the failure of the carrier to exercise proper diligence, the carrier's dereliction in that respect should be sufficiently set forth to put him on notice of the facts relied on to establish his negligence, in order that he may repel the charge against him. But where the action is against the carrier for a failure to perform his public duty respecting the transportation of freight, the gravamen of the complaint is the failure to perform such duty, and an allegation that he negligently failed to safely carry the goods, but delivered them in a damaged condition, sufficiently states the breach of duty. Accordingly we think that the decision in the *Cody* case should be overruled in so far as it militates with the views herein expressed. We have incorporated, in the syllabi, answers to the matters about which the Court of Appeals desired instruction.     *All the Justices concur.*