UNITED STATES v. PERE MARQUETTE R. CO.

(Circuit Court, W. D. New York. June 17, 1909.)

1. CARRIERS (§ 211*)—TRANSPORTATION OF CATTLE—FOOD AND REST ACT—CONSTRUCTION—"CONTINGENCIES HEREINBEFORE STATED."

Act Cong. June 29, 1906, c. 3594, 34 Stat. 607 (U. S. Comp. St. Supp. 1907, p. 918), forbids railroads from confining cattle longer than 28 consecutive hours without unloading for rest, water, and feeding, unless prevented by storm or other accidental or other unavoidable unanticipated causes, provided that on the written request of the owner or custodian of that particular shipment, separate from any printed bill of lading or any other railroad form, the time may be extended to 36 hours; it being the intent of the act to prohibit continuous confinement for more than 28 hours except "upon the contingencies hereinbefore stated." *Held*, that "the contingencies hereinbefore stated" included both the case where the carrier was prevented from unloading by storm or other accidental or unavoidable causes and the contingency of the owner having filed a written request extending the time of confinement to 36 hours.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 211.*]

2. CARRIERS (§ 211*)—TRANSPORTATION OF LIVE STOCK—FOOD AND REST ACT.

Under Act Cong. June 29, 1906, c. 3594, 34 Stat. 607 (U. S. Comp. St. Supp. 1907, p. 918), prohibiting the transportation of cattle for more than 28 hours without unloading, unless the owner or custodian requests in writing, apart from any printed bill of lading or railroad form, that the time be extended to 36 hours, the shipper of cattle, to justify their confinement longer than 28 hours, must file a written request for each shipment, and may not file a single general request applicable to all future shipments of his cattle.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 211.*]

John Lord O'Brien, U. S. Atty.

Moot, Sprague, Brownell & Marcy, for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HOLT, District Judge. This action is brought to recover a penalty under Act June 29, 1906, c. 3594, 34 Stat. 607 (U. S. Comp. St. Supp. 1907, p. 918), entitled "An act to prevent cruelty to animals while in transit," commonly called the "28-Hour Act." The act provides, in substance, that no railroad transporting cattle between the states shall confine them in cars—

"for a period longer than twenty-eight consecutive hours without unloading the same in a humane manner, into properly equipped pens for rest, water, and feeding, for a period of at least five consecutive hours, unless prevented by storm or by other accidental or unavoidable causes which cannot be anticipated or avoided by the exercise of due diligence and foresight: Provided, that upon the written request of the owner or person in custody of that particular shipment, which written request shall be separate and apart from any printed bill of lading, or other railroad form, the time of confinement may be extended to thirty-six hours. In estimating such confinement, the time consumed in loading and unloading shall not be considered, but the time during which the animals have been confined without such rest or food or water on connecting roads shall be included, it being the intent of this act to prohibit their continuous confinement beyond the period of twenty-eight hours, except upon the contingencies hereinbefore stated."

The essential facts in this case are that on October 5, 1907, at 12:30 p. m., cattle were loaded on the cars of the defendant company at Deckerville, Mich., consigned to the stockyards at Buffalo, N. Y. The defendant transported these cars out of Michigan, across Canada, and delivered them at Niagara Falls, N. Y., into the hands of the New York Central & Hudson River Railroad Company on October 6, 1907, at 6:50 p. m. The cattle were thus in transit, in the custody of the defendant, without being unloaded for rest, water, and feeding, for a period of 30 hours and 20 minutes. No written request for the extension of the time of this particular shipment was ever made; but some time previous, in the year 1906, the owner of these cattle had filed with the agent of the defendant at Deckerville, Mich., a written request, in general terms, asking that the time of confinement of all future shipments of cattle made by him be extended from 28 hours to 36 hours without rest, food, or water. George L. Jones, the owner of the cattle, went on the same train, taking care of them, and at the time of the shipment of these particular cattle said Jones made a verbal request, by telephone, of the agent of the defendant at Deckerville, that the 36-hour clause, so far as rest, food, and water were concerned, should apply to said shipment. The cattle arrived at Niagara Falls in good condition.

The government claims that a general written request by an owner of cattle that in all future shipments the time of confinement may be extended to 36 hours is not permitted by this act, and that a special written request must be made for such extension, if desired, in the case of each particular shipment, and this case is understood to be a test-case to have that question determined. The language of this statute is not very clear. It appears to give an absolute right to any owner of cattle, by filing a written request with the railroad company, to have the time of confinement of his cattle extended from 28 to 36 hours. If an owner has such a right, it does not seem to be very important whether it is exercised once for all by

a single request, applicable to all future shipments, or by filing a separate request in respect to each particular shipment. It is argued that the term "contingencies hereinbefore stated," contained in the final portion of the act above quoted, refers to the contingencies previously referred to of "storm or other accidental or unavoidable causes which cannot be anticipated or avoided by the exercise of due diligence and foresight." These grounds of excuse for the carrier for not discharging the cattle within 28 hours seem to be occurrences arising after the shipment has begun, which, in most cases, at least, could not be foreseen before the shipment; and I think that the term "contingencies hereinbefore stated" includes both the case where the carrier is prevented from unloading by storm or other accidental or unavoidable causes, which could not be anticipated or avoided by the exercise of due diligence and foresight, and the contingency of the owner having filed a written request extending the time of confinement from 28 to 36 hours.

I think, however, that the provision that the written request must be made by "the owner or person in custody of that particular shipment, which written request shall be separate and apart from any printed bill of lading, or other railroad form," tends to show that it was the intention of Congress that, if the time was to be extended to 36 hours, there should be a written request in the case of each particular shipment. The provision that the request should be separate and apart from any printed bill of lading or other railroad form suggests that Congress had in mind the possibility of a railroad carrier inserting a general request of that kind in papers to be signed by shippers, with a view of generally extending the time of confinement of all shipments of cattle from 28 to 36 hours, and I think that Congress therefore intended that the owner or shipper of cattle should exercise his judgment as to the necessity of additional time in a distinct instrument, executed by himself, in respect to each shipment; and this conclusion is strengthened by the concluding statement in the act that it is "the intent of this act to prohibit their continuous confinement beyond the period of twenty-eight hours, except upon the contingencies hereinbefore stated." The act is a humane act, intended to prevent cruelty to animals; and the act also has in view the protection of the interests of the owners of the animals and of the public, in preventing their health and condition being injured in transit.

As it is the declared policy of Congress that 28 hours shall be the general term of confinement, and 36 hours only permitted in certain contingencies, I think that no construction of the statute should be allowed which would make it possible for an owner of cattle, either acting in his own interest or at the dictation of a railroad company, by filing a general request applicable to all future shipments, to nullify the general declared intent of Congress by making the term of confinement in all cases 36 hours, instead of 28 hours.

My conclusion is that there should be judgment for the plaintiff for $100 and costs.