3243.   ROBERTS v. GEORGIA SOUTHERN & FLORIDA RAILWAY CO.

HILL, C. J.   1. A stipulation in a contract for the shipment of live stock, requiring that, as a condition precedent to any right to recover damages for loss or injury to said live stock, "written notice of a claim therefor shall be given before said live stock is removed or intermingled with other live stock," is reasonable and valid.  *Southern Ry. Co.* v. *Tollerson*, 129 *Ga.* 647 (59 S. E. 799).

2. This stipulation in the contract may be expressly or impliedly waived by the carrier.  *Carter* v. *Southern Ry. Co.*, 3 *Ga. App.* 40 (59 S. E. 209); *Arnold* v. *Louisville & Nashville R. Co.*, 4 *Ga. App.* 520 (61 S. E. 1050); *Hill* v. *Western Union Telegraph Co.*, 85 *Ga.* 430 (11 S. E. 874, 21 Am. St. Rep. 166).  In this case there is no evidence of waiver; but, on the contrary, the stipulation is expressly set up and relied upon by the carrier in answer to the claim made in violation of its terms.

3. Whether the stipulation above set out applies only to injuries that are patent it is not necessary to rule, for the injury in this case was not latent, but an indication of the injury was discernible to the eye by superficial examination, and was in fact discovered by the plaintiff, or his agent, before the horse was removed from the point of delivery, and no complaint was then made, or damages claimed.

4. Where the evidence shows that the plaintiff did not comply with the above stipulation in the contract, and there is no evidence of any waiver by the carrier, a recovery could not legally be had, and a verdict for the defendant was properly directed.

5. This court declines to ask the Supreme Court to review the case of *Southern Ry. Co.* v. *Tollerson*, supra, and other cases decided by that court to the same effect.                    *Judgment affirmed.*

                         DECIDED NOVEMBER 20, 1911.

Action for damages; from city court of Valdosta—Judge Cranford.   January 27, 1911.

*Patterson & Copeland,* for plaintiff.

*J. E. Hall, E. K. Wilcox,* for defendant.