## Adams Express Co. *v.* Chamberlin-Johnson-DuBose Co.

Atkinson, J. The provisions contained in section 10 of the interstate-commerce act, approved February 4th, 1887 (3 Fed. Stat. Ann. 835), declare it to be a fraud and make it a penal offense for any person delivering property for transportation to any common carrier subject to the provisions of that act, knowingly and wilfully, by "false billing, false classification, false weighing, false representation of the contents of the package, or false report of weight, or by any other device or means, whether with or without the consent or connivance of the carrier," to obtain transportation for such property at less than the regular rates then established and in force on a line of transportation. It also makes it a penal offense for any person to induce any common carrier subject to the provisions of the act, or any of its officers or agents, to discriminate unjustly in his favor as against any consignor or consignee in the transportation of such property. By the amendment to the interstate-commerce law (Act of June 29, 1906, Fed. Stat. Ann. 1909 Supp. 262) it is made a misdemeanor for any person to offer, grant, or give, or to solicit, accept, or receive any rebate, concession, or discrimination in respect to the transportation of any property in interstate or foreign commerce by any common carrier subject to the act regulating interstate commerce and acts amendatory thereof, whereby any such property shall, by any device whatever, be transported at a less rate than that named in the tariffs published and filed by the carrier, as required by the act to regulate commerce and acts amendatory thereof, or whereby any advantage is given or discrimination practiced. *Held:*

1. Although such practices upon the part of consignors of freight to be moved by a carrier from one State into another are made penal, that fact will not prevent a consignor from recovering damages on the common-law liability of the carrier for loss of freight resulting from a violation of its duties as a carrier. 2 Hutchinson on Carriers, § 547; Moore on Carriers, § 13; Insurance Co. *v.* Delaware Mutual etc. Co., 91 Tenn. 537 (19 S. W. 555); Merchants Cotton etc. Co. *v.* Insurance Co., 151 U. S. 368 (14 Sup. Ct. 367, 38 L. ed. 195); Pond-Decker Lumber Co. *v.* Spencer, 86 Fed. 846 (30 C. C. A. 430); In re T. H. Bunch Co., 180 Fed. 519; In the Matter of Released Rates, 13 Int. Com. Com. 550. See also *Hughes* v. *Atlanta Steel Co.,* 136 *Ga.* 511 (71 S. E. 728); *Southern Express Co.* v. *Hanaw,* 134 *Ga.* 446 (8), 459 (67 S. E. 944, 137 Am. St. R. 227).

2. Where no value is put upon goods shipped by an express company, and no effort is made to arrive at a valuation, the mere fact that in the prepared form of receipt issued by the carrier to the shipper there is contained the statement that "In consideration of the rate charged for carrying said property, which is regulated by the value thereof and is based upon a valuation of not exceeding fifty dollars unless a greater value is declared, the shipper agrees that the value of said property is not more than fifty dollars, unless a greater value is stated herein, and that the company shall not be liable in any event for more than the value so stated, nor for more than fifty dollars if no value is stated herein," will not suffice to limit the liability of the company to $50.00, regardless of the value of the property shipped. Such a statement in the receipt is not a valuation, but an arbitrary limitation sought to be placed upon the liability of the carrier.

(*a*) If such a statement should be held to constitute an agreement between the parties fixing an arbitrary valuation of the property, and should be a valid contract under the laws of New York, where executed, it would be contrary to the public policy of this State, and unenforceable in Georgia.

(*b*) Inasmuch as an express contract of the character mentioned would be unenforceable in Georgia by reason of its being contrary to the public policy of this State, the mere fact that at the time the property was delivered to the carrier for transportation the consignor presented a form of receipt filled out, the same being so tendered for the purpose of having it signed by a representative of the carrier, and it was signed by him, would not render the agreement enforceable in Georgia.

3. The rulings announced in the second headnote result from an application of the decision rendered in *Southern Express Co.* v. *Hanaw,* supra. The motion to review and overrule that decision is denied. All of the rulings are supported and elaborated in *Adams Express Co.* v. *Mellichamp,* ante, 443.

4. In view of the rulings above announced, the court below did not err in striking certain portions of the answer filed by the express company, and in disallowing certain amendments offered to the answer.

*Judgment affirmed. All the Justices concur, except Hill, J., disqualified.*

AUGUST 13, 1912.

Action for damages. Before Judge Bell. Fulton superior court. May 17, 1911.

*Robert C. & Philip H. Alston* and *E. A. Neely,* for plaintiff in error. *Smith, Hammond & Smith,* contra.