## 9781, 9782. HEATH v. SANDERSVILLE RAILROAD COMPANY; and *vice versa.*

WADE, C. J. 1. In an action against a common carrier for failure to safely transport and deliver live stock committed to it in good order by a shipper, particular acts of negligence need not be alleged, and when alleged may be treated as surplusage. *Louisville & Nashville R. Co.* v. *Warfield,* 129 *Ga.* 473 (59 S. E. 234); *Louisville & Nashville R. Co.* v. *McHan,* 144 *Ga.* 683 (87 S. E. 889); *Southern Express Co.* v. *Bailey,* **7**

*Ga. App.* 331 (66 S. E. 960) ; *Central of Georgia Ry. Co.* v. *Stamps,* 17 *Ga. App.* 453 (87 S. E. 702).

2. "When a carrier fails to deliver the goods intrusted to his care, or delivers them in a damaged condition, no excuse avails him, unless it was occasioned by the act of God, the public enemy, an inherent vice or natural deterioration of the object carried, or, in case of live stock, the viciousness of the animals, or that he is excused by special contract made with the shipper, by statute, or by negligence of the shipper." *Louisville & Nashville R. Co.* v. *Warfield,* supra.

3. This being an intrastate shipment (the principle here announced being apparently not applicable to interstate shipments: G. F. & A. Ry. *v.* Blish Milling Co., 141 U. S. 191, 36 Sup. Ct. 541, 60 L. ed. 948), a stipulation in the contract of affreightment for the transportation of live stock, that before the animals are removed from the place of destination and mingled with other animals, written notice of claim for damage shall be given to the agent of the carrier, may be waived by the carrier. *Louisville & Nashville R. Co.* v. *Tharpe,* 11 *Ga. App.* 465 (3) (75 S. E. 677). "The agent was not bound to recognize an oral demand. But if he did so, making no objection to it on the ground that it was not in writing, . . it was sufficient." *Hill* v. *Telegraph Co.,* 85 *Ga.* 425, 430 (11 S. E. 874, 21 Am. St. R. 166). The allegations of the petition under consideration were sufficient to show that the agent of the delivering carrier had oral notice of the damaged condition of the cattle, and that written notice was waived.

4. The allegation that notice of the damaged condition of the cattle was given to the agent of the delivering carrier was not subject to special demurrer raising the objection that his name was not set forth in the petition. See, in this connection, *Augusta Ry. Co.* v. *Andrews,* 92 *Ga.* 706, 710, 712 (19 S. E. 713) ; *Pierce* v. *Seaboard Air-Line Ry.,* 122 *Ga.* 664 (50 S. E. 468) ; *Atlantic Coast Line R. Co.* v. *Burroughs,* 20 *Ga. App.* 197 (92 S. E. 1010) ; *Haynie* v. *Central of Georgia Ry. Co.,* 20 *Ga. App.* 599 (93 S. E. 258).

5. Prior to the enactment of the Georgia law (Acts 1906, p. 102) relative to intrastate shipments in conformity to what is known as the Carmack amendment to the Hepburn interstate-commerce act (Act June 29, 1906, c. 3591, 34 Stat. 595, § 7, par. 11, 12; U. S. Comp. St. §§ 8604a, 8604aa), it was the rule that a common carrier was not bound to issue a bill of lading for transportation of freight beyond its own terminus, and if it did so, it might stipulate, as a condition to the undertaking, that its liability should extend only to injuries occurring on its own line (*Central R. Co.* v. *Avant,* 80 *Ga.* 195, 5 S. E. 78; *Richmond &c. R. Co.* v. *Shomo,* 90 *Ga.* 496, 500, 16 S. E. 220; *Kavanaugh* v. *Southern Ry. Co.,* 120 *Ga.* 62 (2), 65, 47 S. E. 526, 1 Ann. Cas. 705) ; but since the passage of that act (codified as section 2777 of the Civil Code of 1910) the initial carrier is liable for loss occasioned anywhere en route, whether on its own lines or not, where it voluntarily receives the shipment, notwithstanding an agreement or stipulation in a bill of lading limiting liability to loss, damage, or injury occurring on its own lines. See in this connection, *Atlanta & West Point R. Co.* v. *Fairburn Marble Co.,* 145 *Ga.* 708 (89 S. E. 817).

6. Applying the foregoing rulings, the petition as amended was not subject to any of the demurrers interposed, and the cross-bill of exceptions raising the several points made by the demurrers is affirmed.

7. The special live-stock contract having been signed by both the shipper and the carrier, and this being an intrastate shipment, the stipulation in the contract of affreightment requiring that written notice of a claim for damages be given before the animals were removed or mingled with other stock is reasonable and valid, and is a condition precedent to the right of recovery. *Southern Ry. Co.* v. *Adams*, 115 *Ga.* 705 (42 S. E. 35); *Southern Ry. Co.* v. *Tollerson*, 129 *Ga.* 647; (59 S. E. 799); *Roberts* v. *Ga. So. &c. Ry. Co.*, 10 *Ga. App.* 100 (72 S. E. 942); *Mitchell* v. *A. C. L. R. Co.*, 15 *Ga. App.* 797 (84 S. E. 227). Such contract stipulation, being a condition precedent to a recovery, must not only be averred, but proved; and although it is held above (paragraph 3) that the averments as to notice were sufficient to meet the demurrer, there is a total lack of proof that any notice, either oral or written, was given before the stock were removed from the car; nor was there any proof whatever to support a waiver of written notice as set out in the petition. The nonsuit was therefore proper.

*Judgment affirmed on both bills of exceptions. Jenkins and Luke, JJ., concur.*

DECIDED JANUARY 15, 1919.

Action for damages; from city court of Sandersville—Judge Jordan. April 23, 1918.

*Evans & Evans,* for plaintiff.

*A. B. Lovett, J. J. Harris,* for defendant.