11847. TAYLOR, alias MADDOX, *v.* THE STATE.

1. There was no such variance between the instrument admitted in evidence and the allegations of the accusation as to the property alleged to have been mortgaged as would render the instrument inadmissible.

2. Testimony as to quantity and value of goods sold by the witness, given after refreshing his memory from an itemized statement made by him from books of account, was not inadmissible upon the ground that the original books were the best evidence.

DECIDED DECEMBER 16, 1920.

Accusation of cheating and swindling; from city court of Tifton — Judge Price. September 6, 1920.

Noah Taylor, alias Hardy Maddox, was convicted on an accusation which charged that he falsely and fraudulently represented to S. G. Lindsey, of the firm of S. G. Lindsey & Company, that he (the defendant) was the owner of three hogs, a cow, and a heifer, described, and "did then and there mortgage" to the said S. G. Lindsey & Company, and "did create a lien upon" the said property, and "did then and there obtain from the said S. G. Lindsey & Company merchandise, consisting of groceries, etc., of the value of $27.50, the said S. G. Lindsey & Company selling and delivering said groceries, etc., to" him "on the faith of his ownership of the property above described," and that they were deceived by the said representations, to their injury and damage in the sum of $27.50, etc. On the trial S. G. Lindsey testified that he was a member of the firm of S. G. Lindsey & Company, operating a store; that the defendant came into the store and wanted to buy merchandise, and said that he owned a cow, a heifer, and three hogs (describing them as they are described in the accusation), and that the animals were free of liens; that he had the defendant give him a "mortgage" (indicating the instrument afterwards introduced in evidence), and he sold to the defendant "the goods described in the itemized statement attached to the accusation in this case;" that, relying on the defendant's statement as to ownership of this property, he let the defendant have the goods, and they were worth $27.50; that they were never paid for, and that the defendant admitted that "he did not own or have the said live stock, and that he had never owned or had the same." There was additional oral testimony for the State.

The instrument referred to above was in the form of a promissory note to S. G. Lindsey & Company for $27.50, "for the purchase price of" a cow and a heifer (described in the terms of the accusation), with a provision that "the sale of the above described property is conditioned upon the payment of the purchase-price, and the title to the same shall remain in said S. G. Lindsey & Co. until this debt has been fully paid;" which provision was followed by these words: "For the purpose of securing the payment of this note, the makers hereof also mortgage and create a lien in favor of the said S. G. Lindsey & Company upon the above described property and the property described below, which they represent to own in their own right and which is free from any lien or incumbrance: 3 hogs as follows," described in the terms of the accusation. This instrument was admitted in evidence over the objections of the defendant that it was irrelevant and immaterial, that the accusation contained no allegation that the defendant had executed an instrument reserving to or conveying to S. G. Lindsey & Company title to a cow and heifer, that the introduction of this instrument would constitute a variance between the proof and the accusation, in that the accusation charged the defendant with having mortgaged and created a lien upon a cow, a heifer, and three hogs, while the proof showed that he had not mortgaged the cow and heifer, but had mortgaged the hogs alone. Error in admitting this instrument is alleged in the motion for a new trial; and, because of the variance alleged above, it is alleged, in another ground of the motion for a new trial, that the State failed to prove its case as laid.

A motion to exclude Lindsey's testimony as to items and value of goods sold to the defendant was made at the conclusion of the evidence, the witness having stated that he could not tell the quantities or values of the goods without refreshing his memory from an itemized statement attached to the accusation. He testified: "I made the statement attached to the accusation, from the original books of our partnership, which are in our store. . . I now testify that I sold and delivered all the goods contained in the attached statement myself, and I now testify of my own knowledge to having sold and delivered all goods referred to in attached statement, after refreshing my memory from the attached statement." The grounds of the motion to exclude this

testimony were that it was secondary, the original books being the highest and best evidence of the kind, amount, and value of the goods, and that " the witness, being dependant for his recollection upon a written memorandum prepared by him for the purpose of the trial from a book of original entries, was necessarily dependent upon the original book, which should have been produced in court so that it might be inspected by the defendant and used by the defendant in cross-examining the witness. " The over-ruling of this motion is complained of in the motion for a new trial.

*Fulwood & Hargrett,* for plaintiff in error, cited, as to variance between the accusation and the instrument in question; 23 *Ga. App.* 67(2), and citations, p. 71; 11 *Ga. App.* 128; 127 *Ga.* 277; 118 *Ga.* 330(3) ; 108 *Ga.* 53; 97 *Ga.* 207; 64 *Ga.* 61(2) ; 13 *Ga. App.* 338(2) ; 19 *Ga. App.* 69; 22 *Ga. App.* 704; 139 *Ga.* 765. As to testimony based on memorandum: 111 *Ga.* 826; 11 Enc. Ev. 108, 140; 102 N. W. 431.

*J. S. Ridgdill, solicitor,* cited : Park's Penal Code, § 703; 75 *Ga.* 410(1).

BLOODWORTH, J.   There is no merit in any of the grounds of the amendment to the motion for a new trial; there is ample evidence to support the verdict, the trial judge has approved it, and this court has no authority to interfere.

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*