14159. RAGSDALE-LAWHON MULE & HORSE CO. *v.* DAVIS, agent.

STEPHENS, J. 1. Where a carrier undertakes to transport live stock under a contract of shipment, and the live stock is injured while in the possession of the carrier, there is a presumption of negligence on the part of the carrier, and the carrier can only rebut such presumption by showing that the injury was the result of some cause which the law recognizes as an excuse. *Cooper* v. *Raleigh &c. R. Co.,* 110 *Ga.* 659 (36 S. E. 240).

2. While death from natural causes may be pleaded by a carrier as an excuse for the death of an animal after having received it for transportation, it is incumbent upon the carrier to show that the death was the result of natural causes, and it is not sufficient to show that the animal died as a result of disease, without further showing that the disease was contracted through no fault of the carrier. Evidence that at a certain point en route the animal was furnished with food and water that were wholesome and pure, and was allowed to rest in pens that were clean and sanitary, if supplemented with evidence, either direct or circumstantial, as to the careful handling of the animal throughout the entire journey, might, at least, authorize a jury to infer that the death of the animal was not caused through any negligence of the defendant, and might, according to the nature of the evidence and the inferences to be drawn therefrom, under some circumstances, as a matter of law, demand a finding that the defendant was not negligent. However, such evidence as to proper feeding and watering the animal at a certain point en route, in the absence of any evidence, either direct or circumstantial, as to careful handling of the animal throughout the entire journey, does not conclusively and as a matter of law rebut the presumption that the defendant negligently allowed the animal to become diseased. The release of the carrier for a certain time from the duty of feeding and watering the animal did not relieve it from its duty otherwise during this period to exercise proper care in transporting the shipment.

3. This being a case where a mule belonging to the plaintiff was delivered to the defendant carrier for transportation, and it appearing that the mule was delivered to the consignee in a diseased condition and shortly thereafter died, and, under the evidence adduced upon the trial, it not being conclusively shown, without issue, that the defendant carrier exercised due care in properly and carefully handling the animal throughout the entire journey, and the inference therefore not being demanded as a matter of law that the disease was contracted through no fault of the defendant carrier, it was error for the trial judge to direct a verdict for the defendant. The judge of the superior court therefore erred in overruling the certiorari.

    *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*
DECIDED SEPTEMBER 22, 1923.   REHEARING DENIED SEPTEMBER 28, 1923.

Certiorari; from Fulton superior court — Judge Bryan. November 10, 1922.   Certiorari denied by Supreme Court.

*Watkins, Russell & Asbill,* for plaintiff.

*Tye, Peeples & Tye,* for defendant.