*Porter & Mebane,* contra.

---

### 15430.   BANK OF WAYNESBORO *v.* HERRINGTON.

The judgment upon a demurrer cannot be the basis of a motion for a new trial.

Exceptions to the admission of evidence over objection should show what grounds of objection were stated to the trial judge.

The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

DECIDED JUNE 10, 1924.

Complaint; from city court of Waynesboro—Judge W. H. Davis. February 16, 1924.

*E. V. Heath,* for plaintiff in error.

*P. B. Lewis Jr.,* contra.

BROYLES, C. J.   1.   The judgment upon a demurrer cannot be the basis of a motion for a new trial, and the ground of the motion in the instant case complaining of the overruling of a demurrer to the petition cannot be entertained.

2.   Grounds 2, 3, 4, and 5 of the amendment to the motion for a new trial, complaining of the admission of stated testimony over objection, cannot be considered, as it is not stated in any of the grounds what the objections were that were made at the time of the admission of the testimony. *Steed* v. *Cruise,* 70 *Ga.* 168 (5), 176 (5); *Morgan County Bank* v. *Poullain,* 157 *Ga.* 423 (121 S. E. 813 (4), 815 (4)).

3.   When the alleged errors of commission and omission in the charge of the court are considered in the light of the charge as a whole and of all the facts of the case, none of them requires a reversal of the judgment below.

4.   The plaintiff's contention was that the defendant bank had sold his third interest in an insurance company to P. W. Thompson for one thousand dollars, and his suit was for the recovery of that sum, which was awarded to him by the verdict. One ground of the motion for a new trial was as follows: "That the evidence in the case, as shown by testimony of P. W. Thompson, witness for plaintiff, and the party alleged to have purchased the interest of plaintiff from the defendant bank, as well as the notes executed by said Thompson, and the entries from the cash-book of the Bank of Waynesboro, all of which were offered in evidence by the plaintiff, showed conclusively that the said Thompson only purchased and paid to the Bank of Waynesboro the sum of $500, and not $1,000, for a one-sixth interest in an insurance agency. Therefore the recovery for the plaintiff, under their evidence, could not have been for more than $500, instead of $1,000, the amount stated in the verdict of the jury." There was some evidence which authorized the jury to find that the defendant bank eventually received all of the thousand dollars which Thompson paid for the third interest in the company.

5.   The verdict was authorized by the evidence, and the over-

ruling of the motion for a new trial was not error for any reason assigned.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*