## 15843. HOGG *v.* LOUISVILLE & NASHVILLE RAILROAD COMPANY.

1, 2. Grounds 2 and 3 of the amendment of the motion for a new trial, as to admission of testimony, are not in proper form for consideration.

3. As to particular shifts in the burden of proof the court was not required to charge the jury, in the absence of a proper request.

4. Where, on the trial of an action by a consignee against a common carrier for breach of the duty to transport and deliver in good condition live stock alleged to have been received in such condition by the carrier, it appeared that the plaintiff, on receiving the animals, executed a receipt for them as "in good order," and that there was then no visible indication that they were sick or not in good condition, it was not error for the court to charge the jury in effect that the burden was on the plaintiff to show that they were not in good order when delivered and that their sickness or death thereafter was occasioned by negligence of the defendant.

5. In such an action particular acts of negligence need not be alleged, and specific allegations of negligence may be treated as surplusage.

6. Where damage to animals in transportation is caused by long confinement and delay in feeding and watering them, the carrier's compliance with the act of Congress of June 29, 1906, entitled "an act to prevent cruelty to animals while in transit by railroad," etc., in interstate commerce, which prohibits their confinement by the carrier for "longer than 28 consecutive hours without unloading . . for rest, water, and feeding," except that "upon written request of the owner or person in custody of that particular shipment . . the time of confinement may be extended to 36 hours," is not, in an action of this kind, conclusive as to the exercise of due diligence by the carrier, although such compliance may be considered by the jury upon the question as to diligence. The court erred in charging the jury in effect that they should not consider any question as to negligence in con-

nection with irregular or delayed feeding and watering of the stock, and that the plaintiff could only recover, if at all, on other negligence charged in the petition.

DECIDED APRIL 18, 1925.

Action for damages; from Marion superior court—Judge Munro. July 19, 1924.

*John C. Bull,* for plaintiff.

*W. B. Short, Tye, Peeples & Tye,* for defendant.

JENKINS, P. J. 1. "Under repeated rulings of this court and of the Supreme Court, each special ground of a motion for new trial must be complete within itself; and when so incomplete as to require a reference to the brief of the evidence, or to some other portion of the record, in order to determine what was the alleged error and whether such error was material, the ground will not be considered by the reviewing court." *Tice Co.* v. *Evans,* 32 *Ga. App.* 385 (16) (123 S. E. 742); *Bank of Commerce* v. *First Nat. Bank of Ocilla,* 32 *Ga. App.* 410 (1) (123 S. E. 736); *Pound* v. *Smith,* 146 *Ga.* 431 (5) (91 S. E. 405); *Clare* v. *Drexler,* 152 *Ga.* 420 (3) (110 S. E. 176). The second ground of the amendment to the motion for a new trial, complaining of the admission of testimony, wholly fails, in terms or in substance, to state the particular evidence and the objection thereto sufficiently for this court to pass thereon.

2. "Exceptions to the admission of evidence over objection should show what grounds of objection were stated to the trial judge." *Bank of Waynesboro* v. *Herrington,* 32 *Ga. App.* 403, 404 (2) (123 S. E. 750); *Morgan County Bank* v. *Poullain,* 157 *Ga.* 423, 428 (121 S. E. 813, 33 A. L. R. 592); *Sleed* v. *Cruise,* 70 *Ga.* 168 (5); *Smith* v. *Pilcher,* 130 *Ga.* 350, 356 (4) (60 S. E. 1000). The third ground of the amendment to the motion for a mistrial is for this reason defective. The rule is different where a ground complains of the rejection of testimony offered by the movant. In such a case it is not necessary that the motion shall show upon what ground the testimony was excluded, or that the judge rejected it on his own motion. *Morgan County Bank* v. *Poullain,* supra.

3. It is not incumbent upon the court, in the absence of a timely written request, to charge as to particular shifts in the burden of proof or of proceeding as they may develop under the evidence. *Askew* v. *Amos,* 147 *Ga.* 613 (5) (95 S. E. 5);

*Standard Paint & Lead Works* v. *Powell,* 27 *Ga. App.* 691 (2) (109 S. E. 513); *Jackson* v. *Merritt Hardware Co.,* 26 *Ga. App.* 74 (3 *b*) (107 S. E. 394); *Watson* v. *Sudderth,* 32 *Ga. App.* 383 (1) (123 S. E. 143); *Wade* v. *Eason,* 31 *Ga. App.* 256 (2) (120 S. E. 440).

4. In an action in tort against a common carrier on account of a breach of its duty to transport and deliver in good condition live stock received by it in good order, there is no presumption of law against the carrier (Civil Code of 1910, § 2712; *L. & N. R. Co.* v. *Warfield,* 129 *Ga.* 473 (1, 2) (59 S. E. 234); *Ragsdale-Lawhon Mule Co.* v. *Davis,* 30 *Ga. App.* 752 (1) (119 S. E. 428); *Heath* v. *Sandersville R. Co.,* 23 *Ga. App.* 256 (2) (98 S. E. 92)), where it appears that the plaintiff consignee, on paying the freight and receiving the animals, executed a written receipt therefor as "in good order," and there was at the time of delivery no visible indication of their sickness. See *Ocean Steamship Co.* v. *McAlpin,* 69 *Ga.* 437; 10 Corpus Juris, 379, 380; 4 R. C. L. 993, 994. It was therefore not error for the trial judge, in instructing the jury on the burden of proof, in the several excerpts to which exception is taken, to charge in effect that the burden was on the plaintiff consignee to show that although the stock appeared to be in good order when delivered, yet they were not in good order, and that the sickness or death of the animals after delivery was occasioned by the negligence of the defendant carrier. Nor, under the rule stated above in paragraph 3, was it incumbent upon the court to charge as to when or how this burden would shift under subsequent developments of the evidence.

5. "In an action instituted by a shipper of goods against a common carrier on account of the civil wrong occasioned to the shipper by reason of the fact that the carrier, having received the shipment in good order, did not transport it safely, but delivered it to the shipper (who was also the consignee) in a damaged condition, particular acts of negligence need not be alleged," and if alleged, "specified allegations of negligence may be treated as surplusage." *L. & N. R. Co.* v. *Warfield,* 129 *Ga.* 473 (1, 2 (a)) (59 S. E. 234); s. c. 6 *Ga. App.* 550 (65 S. E. 308); *L. & N. R. Co.* v. *McHan,* 144 *Ga.* 683 (87 S. E. 889); *Heath* v. *Sandersville R. Co.,* 23 *Ga. App.* 255 (1, 2) (98 S. E. 92).

6. The act of Congress of June 29, 1906, entitled "an act to prevent cruelty to animals while in transit by railroad," etc., in

interstate commerce, prohibiting their confinement by the carrier for "longer than 28 consecutive hours without unloading  .  . for rest, water, and feeding," except that "upon the written request of the owner or person in custody of that particular shipment  .  . the time of confinement may be extended to 36 hours" (34 Stat. L. 607; 1 Fed. Stat. Ann. (2d ed.) 377-387; Barnes Fed. Code, § 9285), prescribes a pecuniary penalty for its violation, recoverable only by the United States. It is quasi-penal in its nature. Its primary purpose, as its title imports, is to require humane treatment for animals while being transported, and to prevent injury to the public health from their sale for food when made ill by hunger, thirst, or exhaustion. B. & O. S. W. R. Co. *v.* U. S., 220 U. S. 94, 106 (55 Law. ed. 284, 30 Sup. Ct. 368); U. S. *v.* Pere Marquette R. Co., 171 Fed. 586, 588; 4 R. C. L. 983. The ruling of the United States Supreme Court is to the effect that "the statute was not primarily intended for the benefit of the owners," is "restrictive of their rights," that the penalty goes to the United States for each failure to unload, "regardless of who may own" the animals, and that its penalties are applicable "even if the owner consented to their confinement beyond a period of 36 hours." B. & O. S. W. R. Co. *v.* U. S., supra. Whether or not, in view of these rulings, the rulings under the former similar statute of the United States (Rev. Stat. § 4386), to the effect that the previous statute operated for the benefit of a stock owner, so that a violation thereof would constitute negligence per se in his civil action for damages (*Nashville Ry. Co.* v. *Heggie,* 86 *Ga.* 210 (1), 213, 214 (12 S. E. 363, 22 Am. St. Rep. 453); 4 R. C. L. 985, footnote 4), would have application under the present law, it is not necessary to decide; since neither the Hepburn act, making initial carriers of freight responsible, nor the present Federal statute under consideration, is intended to abrogate the common-law duties and liabilities of carriers as enforced in the State courts. See *Adams Express Co.* v. *Chamberlin-Johnson Co.,* 138 *Ga.* 455 (1) (75 S. E. 601); *L. & N. R. Co.* v. *Warfield,* supra. The 28-hour law, while prescribing fixed duties to live stock, "is not a grant of privilege to the carrier authorizing it to confine the stock for the period of time therein mentioned, irrespective of the question of negligence in so doing. The question of negligence, as to such confinement, is still left as at common law, notwithstanding

the statute." 4 R. C. L. 451; 63 Am. St. Rep. 557, note; 14 L. R. A. 551, note; Durrett *v.* Chicago R. Co. (N. M.), 20 N. M. 114 (146 Pac. 962); Mo. Pac. Ry. Co. *v.* Ivy, 79 Tex. 444 (15 S. W. 962); Bradford *v.* Hines, 206 Mo. App. 582 (227 S. W. 889, 892, 893). It is true that proof as to the carrier's compliance with the 28-hour law will absolve it in an action by the government to enforce the prescribed penalty; and it is furthermore true that, in an action for negligence in the State court, such compliance will be strongly evidential of the carrier's diligent performance of its common-law duties of feeding, watering, and resting the stock, still proof of such compliance can not ordinarily be taken as absolutely conclusive of its freedom from negligence, but the question is one at last for determination by the jury, in the light of all the proved facts and circumstances, in all cases where there is testimony from which they would be authorized to find that the sickness or death of the animals resulted from acts of negligence or omissions of duty by the carrier in feeding, watering, or resting the stock.

(*a*) The Federal statute provides for an extension of the time of confinement of the animals without feeding, watering, and resting, from 28 to 36 hours, where there is the prescribed written authority therefor from "the owner or person in custody of that particular shipment." But here also such extension does not ipso facto and under all circumstances conclusively relieve the carrier from all liability for negligence for irregularity or delay in feeding, watering, and resting, although it will relieve from the statutory penalty, and in a civil action by the owner for damages under the common-law liabilities of the carrier may be strongly evidential of proper diligence, where the feeding, watering, and resting are more than 28 but less than 36 hours from the time of shipment. This rule would seem to apply with especial force where, as here, the writing is executed not by the owner, but by the shipper, and the shipper, before delivery to the carrier, has parted with his title and has in the bill of lading directed that the shipment "be delivered to the consignee without recourse on the consignor," and that delivery shall not be so made "without payment of freight and all other lawful charges," and where, as here, it also appears that the writing signed by the shipper is executed without any reduction in the freight rate or other consideration.

(*b*)   Under the above rulings, while the court properly admitted in evidence the 36-hour extension signed by the shipper, as a part of the testimony for the carrier, to be considered by the jury upon the question as to its diligence, it was error to instruct the jury in effect that they should not consider any question of negligence in connection with irregular or delayed feeding and watering of the stock, and that the plaintiff could only recover, if at all, on other acts of negligence charged in the petition.   While the verdict in favor of the defendant was warranted under the evidence, it was not absolutely demanded; and for the error in the charge as thus indicated, and for that reason alone, a new trial must be granted.

*Judgment reversed.   Bell, J., concurs.   Stephens, J., concurs in the judgment.*