18362. LOUISVILLE & NASHVILLE RAILROAD CO. v. HOGG.

BELL, J. 1. When this case was here upon a former occasion this court held that a verdict in favor of the plaintiff would have been authorized, and that the verdict in favor of the defendant as then attacked by the plaintiff should have been set aside because of errors in the charge of the court. Hogg v. L. & N. R. Co., 33 Ga. App. 773 (127 S. E. 830). The evidence was substantially the same at the next trial, and, under the law of the case as previously adjudicated, was sufficient to support the verdict in favor of the plaintiff.

2. Since the evidence would have authorized the jury to find that the damage to the plaintiff's live stock resulted from a disease contracted without fault of the defendant railroad company the court erred in in- structing the jury that "if they contracted the disease while in the hands of the railroad and . . [if] such disease caused the death and sickness of a portion, then and in that event the plaintiff would be en- titled to recover." This error was not cured by any of the other instruc- tions, and requires a new trial. Pa. R. Co. v. Goetchius, 135 Ga. 170 (68 S. E. 1110); Fish v. Chapman, 2 Ga. 349 (3) (46 Am. D. 393); Brown v. Clayton, 12 Ga. 565 (12); Ga. R. v. Spears, 66 Ga. 485 (42 Am. R. 81); L. & N. R. Co. v. McHan, 144 Ga. 683 (87 S. E. 889); Cooper v. Raleigh &c. R. Co., 110 Ga. 659 (2) (36 S. E. 240).

3. While several other excerpts from the court's charge may not have been entirely correct, yet, when they are construed in the light of the re- mainder of the charge, none of them contain material or prejudicial error.

Judgment reversed. Jenkins, P. J., and Stephens, J., concur.
DECIDED MARCH 27, 1928.

*Tye, Peeples & Tye, W. B. Short,* for plaintiff in error.
*John C. Bull, W. D. Crawford,* contra.